MOORING & LYON ET AL. v. C. MCBRIDE ET AL.

(Case No. 1748.)

62   309
89   322

1. EVIDENCE — DECLARATIONS.— The declarations of one in possession of land are admissible to show the character of the claim asserted by him, but not to prove title.    Citing McDow v. Rabb, 56 Tex., 159; Wallace v. Wilcox, 27 Tex., 60.
2. SAME.— One holding as tenant, or otherwise, cannot by his declarations affect his landlord's title.
3. SAME.— Proof that A had executed title bond to B, and the payment of part of the purchase money, cannot be made by the latter's declarations to that effect.
4. EXECUTION.— Where a party has paid part of the purchase money for land, he has an interest in the land subject to execution.
5. SAME — IMPROVEMENTS.— A mere claim for compensation for improvements made on the land is not such an interest as is subject to execution.    Hendricks v. Snediker, 30 Tex., 308.

APPEAL from Cass.    Tried below before the Hon. B. T. Estes.
C. McBride and F. M. Henry, the appellees, brought an action of trespass to try title against B. A. Bauguss, J. E. D. Blaydes, the appellants Mooring & Lyon and J. A. Bauguss, to recover a tract of seven hundred and seventy acres of land, part of the Davenport headright in Cass county. J. E. D. Blaydes is the common source of title. Plaintiffs claimed that they were entitled to possession from October 8, 1873, but had been withheld from the land since that time. Their claim for title was as follows:   August 2, 1871, McBride, as administrator *de bonis non* of the estate of Jas. H. Davis, recovered a judgment against B. A. Bauguss for $1,150, upon which several executions were issued, the last of which (the preceding ones being unsatisfied) was levied on the land in controversy, as the property of defendant B. A. Bauguss, by W. W. Williams, the sheriff of Cass county, who sold it on first Tuesday in October, A. D. 1873, when plaintiffs purchased it for $200, which was credited on the execution, and the sheriff made them a deed therefor dated October 8, A. D. 1873.    That on or about the 20th day of December, A. D. 1871, B.

A. Bauguss purchased of J. E. D. Blaydes the land, and then paid him therefor $450 in cash in part payment, leaving a balance of purchase money unpaid of about $800; that Blaydes then made and delivered to B. A. Bauguss his bond for title in writing, by which he bound himself to make to Bauguss a good and sufficient deed of conveyance for the land, upon the payment of the balance of purchase money and interest thereon. That on or about the 2d day of January, A. D. 1874, Bauguss, by the hand of Mooring & Lyon, paid to Blaydes the balance of purchase money, principal and interest, amounting to $1,000.

That all the defendants conspired and combined together to cheat, wrong, defraud, hinder and delay the plaintiff C. McBride, as such administrator, in the collection of the debt; and to defeat the title of the plaintiffs, under sheriff's sale, and pursuant to such combination and conspiracy the defendants did, on the 2d day of January, A. D. 1874, cause the defendant J. E. D. Blaydes to execute and deliver to defendants Mooring & Lyon a deed of conveyance for the land. That this deed was not a sale in good faith, and Mooring & Lyon took the land and deed in trust for the use and benefit of defendants B. A. Bauguss and J. A. Bauguss, who were then in possession of the land, with full knowledge of plaintiffs' title.

The defendants all answered by general demurrer, general denial and plea of not guilty.

Defendants Mooring & Lyon further answered that, if the defendant Blaydes ever contracted for the sale of the land described in plaintiffs' petition, the contract of sale was wholly executory and conditional, and was made to Mary F. Bauguss in consideration of her separate money and was intended to be her separate property, and was not made to defendant Bauguss, who never had or acquired any interest, either legal or equitable, in the land, and that the sheriff's sale declared on in plaintiffs' petition passed no title; and further, that if such executory contract was ever made by Blaydes to and for the separate use of Mary F. Bauguss, the same was never completed, but was expressly rescinded and revoked by the parties thereto long before defendant Blaydes sold same to defendants Mooring & Lyon. That they purchased the land in controversy in good faith for a valuable consideration paid from Blaydes, without any notice, actual or constructive, of any prior conveyance, sale or contract of sale by Blaydes to any one whomsoever, and without any notice of plaintiffs' claim.

The cause was tried before a jury at February term, 1881, and resulted in a verdict and judgment for the defendants, but a new trial

was granted on motion of plaintiffs. The cause was again tried at February term, A. D. 1884, resulting in a verdict and judgment for the plaintiffs against all the defendants, for the land and $500 rent.

On the trial, appellees offered to prove by J. E. Grant the declarations of B. A. Bauguss in December, 1871, as to his claim of title, with a view to show the existence and contents of the bond for title. This was objected to as being incompetent, not binding on defendants and not an issue. The court admitted the evidence.

*Geo. T. Todd* and *Geo. T. Vaughan*, for appellants, cited: Daugherty *v.* Cox, 13 Tex., 209; Gamble *v.* Dabney, 20 Tex., 77; Hendricks *v.* Snediker, 30 Tex., 296; Bradshaw *v.* House, 43 Tex., 145; 46 Tex., 303; Hobby's Tex. Land Law, sec. 621.

*F. M. Henry*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— To entitle the appellees to recover in this cause, it was necessary for them to prove that B. A. Bauguss was the owner of the land at the time they purchased under the execution against him, or that he had some interest therein, subject to execution, which passed by the sale at which they purchased.

It is not denied that, prior to the execution of the deed by Blaydes to Mooring & Lyon, the legal title to the land was in the former; but it is contended that Blaydes, prior to the time the appellees bought the property under the execution against Bauguss, executed to the latter a bond for title to the land, after having been paid a part of the purchase money; that Bauguss made valuable improvements on the land, and that such right as Bauguss had, under such facts passed to them by their purchase.

That such state of facts existed it was necessary for the appellees to prove. This they attempted to do by proof of declarations made by Bauguss while he was in possession of the land.

This character of proof was objected to, but the objection was overruled and the evidence admitted.

The sole purpose for which the declarations were admitted, in so far as they related to the execution of a title bond by Blaydes to Bauguss, was to prove title in Bauguss; and the inquiry arises whether such evidence was admissible against the appellants for such a purpose.

That the declarations of one in possession as against those who claim through him may be used for certain purposes is well settled. Thus, were this an action by the appellees, who hold by deed directly from Blaydes, it would be admissible for them, in an action

against one claiming through Bauguss, to prove the declarations of Bauguss, made while in possession, that he held through an executory contract made with Blaydes, and so, for the purpose of proving that Bauguss did not assert a title in fee to the land, and to show the character of claim he did assert. Many instances are given in the books in which declarations of persons in possession are held admissible for certain purposes. Wharton's Law of Evidence, 1156 *et seq.;* 1 Greenleaf, 109, 123.

But we know of no case in which such declarations were admitted for the purpose of showing title in the declarant.

After considering the several classes of cases and purposes in and for which such declarations are admissible, and illustrating that they are cases in which the declarations are termed, by the author, *self-disserving,* Mr. Wharton says: "But for this same reason such declarations cannot be used as evidence of *title* at all; they are only evidence of the grounds on which the tenant claims possession. For he might be but a tenant at will, and yet claim to be a tenant for life, which being less than the fee would be presumptively self-disserving, though really self-serving. In short, they are evidence that the occupant never pretended to have more than a limited right or estate, not as showing, or even tending to show, that he really had such right or estate." Wharton on Evidence, 1156; McDow *v.* Rabb, 56 Tex., 159; Wallace *v.* Wilcox, 27 Tex., 60.

The rule is, that one holding as tenant or otherwise cannot, by his declarations or admissions, affect his landlord's title. Wharton on Evidence, 1161, 1169.

Proof that Blaydes had executed a title bond, conditioned to make title to Bauguss on payment of the purchase money, could not be made by the declarations of the latter to that effect; nor could it be thus proved that a part of the purchase money had been paid.

As against Bauguss, no proof of title in him, at the time the appellees bought under the execution against him, was necessary; for the sale under the execution would pass whatever title or interest he had which was subject to sale under the execution. If he had such an interest as is claimed by the appellees, it was subject to seizure and sale under the execution; but if he had only a claim to compensation for improvements made on the land, then, under former decisions of this court, he had no such interest as was subject to such sale. Hendricks *v.* Snediker, 30 Tex., 308.

The charge of the court, in most respects, presented the law of the case correctly and fully; but it was defective in that it did not inform the jury what the rights of the appellants were, if, in the

exercise of his right on failure of Bauguss to pay the purchase money, Blaydes rescinded the executory contract and sold the land to Mooring & Lyon; for, in such case, if Mooring & Lyon bought in good faith, and for their own benefit, and not to hold in trust for Bauguss or his benefit, it would be unimportant whether or not they had knowledge of an executory contract between Blaydes and Bauguss. The other assignments of error need not be considered further than they have been in effect passed on, but for the error considered the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 31, 1884.]