IDA E. SIEBERT ET AL. v. WILHELMINA LOTT ET AL.

Decided January 26, 1899.

### 1. Practice on Appeal—Bill of Exceptions.

A bill of exceptions to the action of the court in overruling objections to evidence will not be considered on appeal where it was embraced in the statement of facts, which was not filed until after the adjournment of the court.

### 2. Evidence—Objections Not Waived by Cross-Interrogatories.

Evidence improperly admitted over plaintiff's objection is not rendered admissible by the fact that he had filed cross-interrogatories to the witnesses touching the matters to which the objection related.

### 3. Same—Declarations of Title.

Declarations of an owner of property made after the death of his first wife, that it was purchased with his separate means, are inadmissible to prove title in the declarant or those claiming under him.

### 4. Same—Proof of Common Source—Estoppel.

Defendants are not estopped as to their claim of title by reason of a will devising the property in controversy to plaintiff which they read in evidence merely to show common source of title.

ERROR from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*John W. Campbell,* for plaintiffs in error.

*S. S. Hanscom,* for defendants in error.

PLEASANTS, Associate Justice.—The plaintiffs in error brought suit against defendants in error for partition of lot 7 in block 81 in the city of Galveston. The petition alleged that plaintiffs were the children of William Lott, deceased, and Dora Elizabeth Lott, also deceased, and who was the first wife of the said William; and that the defendants were the surviving wife of said William by his second marriage, and the children of said marriage; that the land sought to be partitioned was acquired by onerous title by their father during his marriage with plaintiffs' mother; that their mother died intestate, leaving plaintiffs her sole heirs; that the plaintiff Mina Vowinckle was a married woman and had been such continuously since April 18, 1866; and that the plaintiff Ida E. Siebert was a feme covert from February 3, 1875, to December 26, 1887. Plaintiffs also claimed title each to a child's share in their father's moiety of said lot.

The defendants answered by general and special demurrers, general denial, "not guilty," and by pleas of the statutes of limitations of three, five, and ten years, and four years; and they also reconvened, alleging that they had good title "by possession as pleaded," and prayed that they be quieted in their title, and suggested improvements in good faith. The demurrers were overruled, and upon trial of the cause, April 15, 1897, verdict and judgment were rendered for the defendants, and new trial being refused them, plaintiffs appealed by writ of error to this court.

The evidence shows that the plaintiffs are the children of the said William Lott and his first wife, Dora Elizabeth, and that she died intestate, leaving plaintiffs, Mina Vowinckle and Ida E. Siebert, her only heirs; that the property in controversy was purchased by William Lott during his marriage with plaintiffs' mother, he paying value therefor; that the mother of plaintiffs continued his wife until her death; that the plaintiff Mina was a married woman and had been from April 18, 1896, and the plaintiff Ida E. Siebert was a married woman from February 3, 1875, to December 26, 1887; that the defendants were the widow of the said William, the survivor of his second marriage, and the children of said marriage; that William died in 1880, leaving a will by which he devised the property in question to his second wife and his children by her, the defendants herein. The plaintiffs lived with their father on the lot after the death of their mother, who died in 1854, until 1874, when they left the premises, and the testimony of the defendant Wilhelmina Lott, his surviving wife, is, that the plaintiffs were told by their father before they ceased to live with him that they had no interest in the property; that he purchased it with his separate money. Wilhelmina was married to the said William in 1855, and she and he continuously resided on the lot from their marriage until his death, and she and her children have continued to reside on the lot since the death of her husband. The

only evidence that the property was purchased by William Lott with his separate money was his declarations to that effect made after his first wife's death. These declarations were testified to by his second wife, and also by one Joseph Brockleman, who testified that William Lott told him he paid for the property with money he received from his parents, who resided in Europe. This testimony of the declarations of William Lott was admitted in evidence over objections by plaintiffs that the declarations were hearsay, and were self-serving, and their admission in evidence is assigned as error. But plaintiffs' bill of exceptions to the action of the court in overruling their objections to the evidence were embraced in the statement of facts, and this was not filed until after the adjournment of the court; and we must therefore ignore the bill, and without a bill of exceptions the assignment can not be considered. It is proper, however, to say that the testimony of the witness Wilhelmina Lott as to these declarations is not admissible, as contended by counsel for defendants, because the plaintiffs had filed cross-interrogatories to the witnesses touching the matters about which she had testified in response to the direct interrogatories propounded her by the defendants. We know of no principle or rule of law which tends to sustain such contention.

Another assignment of error is, that the verdict and judgment are contrary to the law and the evidence, and are not sustained by the evidence in this, that the only evidence adduced upon the trial as to whether or not the lot in controversy was purchased with the separate means of William Lott, were his declarations to that effect made after the death of his first wife. It has been expressly decided in this State (vide Mooring v. McBride, 62 Texas, 309, and Gilbert v. Odum, 69 Texas, 672) that such declarations are not admissible in evidence to prove title in the declarant, or those claiming under him. This assignment must therefore be sustained, and the judgment reversed and the cause remanded for another trial.

Other than these declarations of William Lott, we find in the record no evidence which rebuts the presumption of law, that the lot in question was purchased with community funds. The contention of defendants in error that plaintiffs are estopped from denying the title of William Lott to the property, because they read in evidence upon the trial the will of said William devising the lot to the defendants, to show that they and plaintiffs were claiming title from a common source, to wit, the deed of conveyance made to William during his first marriage, is erroneous. We can discover none of the elements of estoppel in such action. In view of another trial it is proper to say that the statute of limitations did not commence to run against plaintiffs until after the death of their father, if, as we take it to be the fact, the lot was the homestead of himself and family at the death of his first wife; and the only statute of limitations available as a defense to plaintiffs' claim would be that of ten years. Both plaintiffs were under coverture when their father died, one of them is still so; and the other did not become a feme sole until the death of

her husband, in 1887, and this suit was brought in 1896, and therefore the question of limitation was in fact eliminated from the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In the motion for rehearing filed by defendants in error, we understand counsel to say that this court in reversing the judgment and remanding the cause, decides that the declarations of the decedent, William Lott, would not be competent evidence on behalf of the defendant in error in support of a plea of limitations. This court did not so hold. We simply held, that upon the evidence, as we understand the facts, the statutes of limitation were unavailing to defendants in error, and that the question of title by limitation was eliminated from the case. The declarations of the deceased father of the plaintiffs in error, under some conditions might be sufficient to sustain a plea of the statute of ten years limitation as against them.

We reversed the judgment and remanded the cause because the only evidence that the land in controversy was the separate property of William Lott were his declarations that it was purchased by him with his separate funds, and these declarations were and are, in our opinion inadmissible, to prove his claim of title.

*Overruled.*