## W. M. HENDRIX v. TEXAS AND PACIFIC RAILWAY COMPANY.

### Decided October 14, 1905.

**1.—Personal Injury—Fright as Cause of Action.**

Where fright is caused to one by the wrongful act or omission of another, and physical injury results therefrom, and such act or omission is the proximate cause of the injury, and such injury is the natural and probable consequence of such act or omission and ought to have been foreseen under the circumstances, a cause of action exists therefor.

**2.—Same—Discovered Peril.**

Where plaintiff's wife was crossing over a railroad bridge in plain view of the operatives of a train, and because of their failure to stop the train she barely escaped being run over, and physical injury resulted from the fright, the doctrine of discovered peril was applicable.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*John T. Suggs,* for appellant.—Where physical injury results from a fright caused by the negligent acts of another, the injured party may recover his damages, where the act or omission is the proximate cause of the injury, and such ought, under all the circumstances to have been foreseen as the natural or probable consequences; and it is immaterial that the precise injury was not anticipated, if it appears that some injury should have been foreseen, and the questions of the negligence alleged being the proximate cause of the injury, and as to whether resulting injury should have been foreseen, are for the jury. Railway v. Ferguson, 64 S. W. Rep., 797; Railway v. Rushing, 69 Texas, 306, 6 S. W. Rep., 834; Railway v. Hayter, 55 S. W. Rep., 128, 54 S. W. Rep., 944; Hill v. Kimball, 76 Texas, 210, 13 S. W. Rep., 59; Railway v. Phillio, 67 S. W. Rep., 915, 69 S. W. Rep., 994; Mack v. Railway, 40 L. R. A., 679; Sloane v. Railway, 32 L. R. A., 193; Purcell v. Railway, 16 L. R. A., 203.

*T. J. Freeman* and *Head, Dillard & Head,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellant brought this suit against appellee to recover for injury to his wife, which injury resulted to her from fright caused by the alleged negligence of appellee's servants. The appellee answered by general demurrer and by various defenses. Upon hearing the demurrer it was sustained by the court, and plaintiff failing to amend his petition, his cause of action was dismissed and cost awarded against plaintiff, and he prosecutes this appeal.

Plaintiff's petition, omitting formal parts, is as follows: "That among others, the defendant railway company has, and at the time hereinafter named had, a line of railway extending into Grayson County, from the east, and into and through the town of Bells in said county, along and over which it moved and propelled, and caused to be moved and propelled, its engines and cars for the transportation of freight and passengers. Plaintiff shows that heretofore, to wit, on or about the 27th day of December, 1903, the plaintiff, accompanied

by his wife and children, were walking along said track, and entered upon and attempted to cross a bridge constructed by the defendant, and along and over which said track is constructed and over which defendant moves its cars, engines and trains, which bridge is situated immediately east of the town of Bells. Plaintiff shows that while he and his said wife were upon said bridge, the agents, servants and employes of defendant, operating and moving an engine with freight cars attached thereto, moved the same towards and over said bridge at a high rate of speed; that said bridge is so constructed as to make it impossible for any one to be and remain upon the same when an engine and cars thereon, by reason of the fact that such engines or cars occupy the entire space upon the same, and such bridge being constructed at an elevation, it is not possible, except at the risk of death or serious bodily injury, for one having entered upon said bridge to leave the same, except at either end. That after plaintiff, his wife and children, had entered upon said bridge and while they were on the same, they perceived the near approach of said engine and cars, and knowing that unless they could escape therefrom, they would be by said engine and cars run over and killed or knocked to the ground below, plaintiff and his wife were greatly frightened and alarmed for the safety of themselves and their children, and exerted themselves to the utmost to escape from said bridge, and plaintiff shows that they did so escape from said bridge, but barely had sufficient time to so escape before said cars ran upon said bridge, and such cars, running at a high rate of speed, came very near to striking plaintiff and his wife, and barely missed them as they made their escape from said bridge. That by reason of the facts above stated, plaintiff's wife suffered a great and severe fright, and nervous shock, by reason of her anxiety and fear that either she, her husband or their children should be struck and killed; and plaintiff shows that at said time his wife was pregnant and in a delicate condition, and by reason of such fright and shock she was compelled to take to her bed, and by said fright and shock there was produced and caused a miscarriage to his said wife. Plaintiff shows that prior to the time the said engine and cars reached said bridge, the agents, servants and employes of defendant in charge of the same, and operating the same, saw plaintiff and his wife and knew their position and situation, and knew they were in imminent danger, unless said cars should be stopped, of being run over and killed or seriously injured; and knew that by reason of such facts and by the approach of said cars and engine towards said bridge, plaintiff's wife would be caused to suffer the greatest fear of death or serious bodily injury to herself and children, and the greatest and most serious fright, and knew, or should have known and anticipated, it being a matter of common knowledge, that there likely would be thereby caused to plaintiff's said wife paralysis, nervous shock, miscarriage if pregnant, or other serious bodily injury. And plaintiff alleges that said employes so discovered the dangerous situation and position of plaintiff and his wife, and the danger they were in, and the fact that plaintiff's wife would be greatly frightened, in ample time to have stopped said engine and cars and to permit plaintiff and his said wife to safely escape, and thereby avoid such fright, danger or

injury to her. And plaintiff shows that it was the duty of said employes, upon the discovery that such fright would be caused and of such danger to plaintiff and his wife, to have used all the means at hand to stop said cars and avoid such fright, danger and injury, but notwithstanding such duty, said agents and employes moved said cars upon said bridge in the manner heretofore alleged, which was the proximate cause of plaintiff's injury. Plaintiff shows that by reason of said injury and miscarriage, caused by said fright and shock as aforesaid, his wife was confined to her bed for, to wit, fifteen days, and was caused to suffer the greatest physical and mental pain, and was caused to be in and suffer great danger and fear of death, and there was rendered necessary and there was performed upon plaintiff's wife a delicate, dangerous and painful operation; that plaintiff's wife was incapacitated from performing her household duties, and her health has been and will continue to be permanently impaired, such miscarriages rendered liable to recurrence, his said wife, before said injury, being a strong and healthy woman. That plaintiff was compelled to employ and did employ, for the proper treatment of his wife's injuries, a physician, at a cost of twenty-five dollars, which he alleges was necessary, proper, and the charge therefor reasonable. That by reason of the facts herein alleged, plaintiff and his wife have been damaged in the sum of $2,000, which defendant has failed and refused to pay, though requested to do so, and for which he sues."

When fright is caused to one by the wrongful act or omission of another and physical injury results therefrom, and such act or omission is the proximate cause of the injury, and such injury was the natural and probable consequence of such act or omission and ought to have been foreseen under the circumstances, a cause of action exists therefor. (Railway Co. v. Hayter, 93 Texas, 239, 54 S. W. Rep., 944.)

The petition alleges, in effect, the fright of plaintiff's wife, and the physical injury resulting to her therefrom, and that such injury was the natural and probable consequence resulting to plaintiff's wife therefrom, and which fright and injury was caused by the wrongful act or omission of defendant's servants in failing to stop the train. That said servants saw and knew the situation of plaintiff's wife and the danger, etc., she was in, and knew, or should have known, and anticipated that plaintiff's wife would be frightened, and the injury that might result therefrom. We see no reason why the doctrine of discovered peril should not apply in such a case as this, as well as where physical injury results from a collision of the train with the person. The principle enunciated in the case of Railway v. Hayter, supra, we think is applicable here, and so applying it, we are of the opinion that the petition states a good cause of action, and that the court erred in sustaining the general demurrer.

The judgment is reversed and cause remanded for trial.

*Reversed and remanded.*