## EL PASO ELECTRIC RAILWAY COMPANY v. MAGGIE FURBER.

### Decided February 20, 1907.

**1.—Personal Injuries—Charge.**

In a suit for personal injuries received while attempting to board a street car, charge considered and held not obnoxious to the objection that it assumed the existence of certain facts.

**2.—Insufficient Brief.**

Where an assignment of error is based upon a refusal to give a requested instruction, and the brief does not contain a sufficient statement of the evidence to show the applicability of the instruction, the assignment of error will not be considered.

**3.—Fright—Cause of Action.**

When physical injury results from fright caused by the wrongful act of another, and such injury was the natural and probable consequence of the wrongful act, a cause of action exists therefor.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Leigh Clark* and *W. M. Peticolas,* for appellant.—The charge of the court was upon the weight of the evidence. Galveston, H. & S. A. Ry. v. Smith, 57 S. W. Rep., 999; Kildow v. Irick, 33 S. W. Rep., 315; Lee v. Yandell, 69 Texas, 35; Missouri Pac. Ry. v. Christman, 65 Texas, 374; Watkins v. Cates, 24 Texas Civ. App., 385; Gulf, C. & S. F. Ry. v. Wittig, 35 S. W. Rep., 858.

When a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is not entitled to recover unless the act or omission is the proximate cause, not only of the shock and fright, but of the physical injury, and therefore not unless the physical injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof. Gulf, C. & S. F. Ry. v. Hayter, 93 Texas, 239.

*Patterson & Wallace,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This appeal is from a judgment of $2,500 damages for personal injuries alleged to have been caused by appellant's negligence. It was alleged by the appellee that while she was in the act of boarding one of appellant's cars to take passage thereon, and having one foot on the runningboard, and holding onto the car, appellant's servants who were operating the car negligently put it in motion

with a sudden jerk, and thereby threw her off causing her serious and permanent injuries. The appellant answered by a general denial and a plea of contributory negligence.

The evidence is reasonably sufficient to show that appellant was guilty of the negligence alleged; that such negligence was the proximate cause of the injuries averred; that appellee was guilty of no negligence proximately contributing thereto; and that, in consequence, she sustained damages in the amount assessed by the jury.

1. The court, after stating the issues made by the pleadings and evidence, and enunciating the general principles of law pertinent thereto, instructed the jury as follows: "Now if you believe from a preponderance of the evidence that the plaintiff attempted to get aboard one of the defendant's cars after the same had been stopped, for the purpose of becoming a passenger thereon, and that in doing so, and while holding on with one hand to said car, with one foot upon the runningboard thereof, and attempting to mount and take her seat in the car, the said car, before she had reasonably sufficient time to get aboard same, was caused to suddenly start or lurch forward by the employes operating said car and that plaintiff was thereby thrown or caused to fall to the ground and injured, and that the causing of said car to suddenly start or lurch forward before the plaintiff had time to take her seat in safety, if such was the case, was, under all the surrounding facts and circumstances, negligence, and due to negligence, on the part of the defendant's conductor in charge of said car, then and in that event your verdict should be for the plaintiff, unless you believe the plaintiff was herself in some way negligent and such negligence on her part, if any, contributed to cause her injury." This part of the charge is objected to by the first assignment of error, upon the ground that it is upon the weight of the evidence, in that it assumes that appellee was holding to the car with one hand, with one foot on the runningboard and attempting to mount and take her seat in the car at the time of the accident, while appellant's contention was that she was on the runningboard with both feet and was attacked by vertigo and thereby caused to fall therefrom before the car started.

The charge is not obnoxious to the objection. It submits to the finding of the jury, whether appellee was holding to the car, with one foot on the runningboard and was attempting to board it. These things the jury were required, among others, to believe from a preponderance of the evidence before it was authorized by the charge to find a verdict in her favor. Besides, it appears from the uncontradicted evidence that the appellee was holding to the car, with one foot on the runningboard, with the other lifted above it in her effort to enter the car when it was set in motion; and there was no evidence tending to show that she was stricken with vertigo while on the runningboard, or that her fall was caused otherwise than by appellant's servants starting the car while she was in the act of getting on.

2. It is complained by the second assignment that the court erred in refusing appellant's request to instruct the jury, that if it should find from the evidence "defendant had stopped the car for a length of time reasonably sufficient for plaintiff to board the car, and that she did not board it within the time, and that if she had boarded it within a rea-

sonable time she would not have been injured, to find for defendant." It is unnecessary for us to decide whether this special charge embodies a sound principle of law applicable to this case, because no evidence is stated in appellant's brief under the assignment tending to show its applicability, even if it should be held to contain a correct principle of law. Therefore the assignment is overruled.

3. The third assignment of error complains of the court's refusing to instruct the jury at defendant's request that if plaintiff at the time and by reason of the accident sustained no actual physical injury, but that if, by reason of the accident, she was frightened and sustained a mental shock, and that such fright and shock have caused her to suffer pain, and such fright and mental shock are the sole cause of her injuries, to find for defendant. The requested charge seems to be directly opposed to the principle that when fright is caused to one by the wrongful act or omission of another, and physical injury results therefrom, and such act or omission is the proximate cause of the injury, and such injury was the natural and probable consequence of such act or omission, and ought to have been foreseen under the circumstances, a cause of action exists therefor, as is enunciated in and illustrated by Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Texas, 239; Hendrix v. T. & P. Ry. Co., Texas Civ. App., 89 S. W. Rep., 461; Gulf, C. & S. F. Ry. Co. v. Luther, Texas Civ. App., 90 S. W. Rep., 45; Hill v. Kimball, 76 Texas, 210, and other cases cited in them. The court did instruct the jury at defendant's request that if plaintiff sustained no physical injuries by reason of the accident, not to allow her any damages This, in connection with the main charge, presented appellant's theory upon this issue as fairly as the law authorized.

4. Our conclusions of fact dispose of the remaining assignments, which complain that the verdict is excessive and against the great preponderance of evidence, adversely to appellant.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.