## WAUHOP v. SAUVAGE'S HEIRS.

(Court of Civil Appeals of Texas. Texarkana. June 12, 1913. Rehearing Denied June 19, 1913.)

1. APPEAL AND ERROR (§ 501*)—RECORD—EXCEPTIONS—PRESENTATION TO COURT.

Assignments of error to the sustaining of exceptions to portions of defendant's answer will not be considered on appeal, where the record does not show that the exceptions were ever presented to or ruled on by the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. CONTINUANCE (§ 46*)—APPLICATION—ABSENCE OF WITNESS—MATERIALITY OF TESTIMONY.

Where an application for continuance because of the absence of a witness did not state that the testimony expected was material, and that the applicant had used due diligence to procure it, it did not comply with Rev. Civ. St. 1911, art. 1918, and it was therefore within the discretion of the court to grant it or not.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 132–140; Dec. Dig. § 46.*]

3. EVIDENCE (§ 208*)—STATEMENTS IN PLEADING—ADMISSIONS AGAINST INTEREST.

Where, in a suit for partition, plaintiff prayed that defendant be required to show an account for all her personal property on hand at the death of the life tenant belonging to the community estate of herself and husband and to her separate estate, and defendant alleged that the land was cultivated during 1907 by tenants under agreement between himself and the life tenant, whereby he was to manage the place and look after all business affairs and divide equally with her the balance remaining of sums received as rents, after paying all expenses and indebtedness previously incurred under similar agreements covering previous years, and that he received as rent $608.50, the expenses and indebtedness amounting to $743.66, the court properly allowed plaintiffs to read the part of the answer with reference to the receipts as an admission against interest, but refused to permit the admission of defendant's allegations with reference to the agreement between himself and the life tenant and the disposition of the sums received as rent for the year 1907 as self-serving.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. § 208.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE—DECLARATIONS—TITLE TO REAL PROPERTY.

On an issue as to whether land in controversy belonged to the separate estate of decedent or the community estate of decedent and his wife, declarations of both, since deceased, that the property was the separate estate of the husband, were inadmissible as legal conclusions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

5. JUDGMENT (§ 743*) — CONCLUSIVENESS — PROOF OF TITLE.

Where, in trespass to try title against decedent under whom plaintiffs claimed, judgment was rendered that defendant go hence without day and recover his costs, such judgment did not vest any·title in the defendant, and hence the pleadings, charge, and judgment were not subsequently admissible in partition as a muniment of title in such defendant or those claiming under him.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1252, 1253, 1275–1277, 1284; Dec. Dig. § 743.*]

6. APPEAL AND ERROR (§ 757*)—BRIEF—STATEMENTS OF RECORD.

Assignments of error will not be reviewed on appeal where the brief does not contain statements from the record showing that the court erred as claimed, as contemplated by Court of Civil Appeals rule 31 (142 S. W. xiii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

7. PARTITION (§ 86*)—ACCOUNTING—LIEN.

Where, in a suit for partition and an accounting of rents and profits, the court found for plaintiff for $829.98 as their part of the rents collected by defendant, the court properly charged such sum as a lien on defendant's interest in the land.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 247–249, 252; Dec. Dig. § 86.*]

8. HUSBAND AND WIFE (§ 262*)—COMMUNITY PROPERTY—PRESUMPTIONS.

A husband owning an undivided interest in certain land in his own separate right and with his wife as a part of the community estate between them, owning the remainder thereof, both joined in an absolute conveyance· of all the land to B. which contained no recital as the retention of the vendor's lien to secure payment of notes for the unpaid portion of the price. Five years later in consideration of $5,000 and the surrender and discharge of the unpaid notes, B. reconveyed the land to the husband. There was no showing that the husband did not appropriate the cash payment made by B. to pay him in full for his undivided one-fourth interest in the land. *Held* that, the reconveyance having been made during the marriage, it would be presumed that the land became community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

9. APPEAL AND ERROR (§ 1172*)—CROSS-ASSIGNMENTS.

Where, in a suit for partition, plaintiffs sought to recover an undivided half interest in the land and part of the rents thereof as tenants in common with defendant, and that in the partition the amount adjudged in their favor as rent should be made a charge on part of the land set apart to defendant, the court having granted such relief, plaintiffs were not entitled to have the judgment affirmed in so far as it decreed partition and reversed on cross-assignments of error because of alleged improper findings' with reference to the rents and other personal property.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by Will A. Wauhop against the heirs of Kate D. Sauvage. Judgment for defendants, and plaintiff appeals. Affirmed.

Chambers & Black, of Clarksville, for appellant. Lennox & Lennox, of Clarksville, for appellees.

WILLSON, C. J. It appears from the record on this appeal, as it did from the record on the first appeal of the case (Sauvage v. Wauhop, 143 S. W. 259), that John W. Wauhop and Mary J. Wauhop were husband and wife at the date of his death September 24, 1903, and that they then owned the land in controversy. John W. Wauhop bequeathed the property owned by him at the date of his death to his wife, who survived him, "so long," quoting from his will, "as she shall live, with remainder on her decease to my adopted son William A. Wauhop." Mary J. Wauhop died October 21, 1907, intestate, leaving as her only heir her sister Kate D. Sauvage, who was the original plaintiff in this suit. She having died pending her suit, appellees, who were her only heirs, as such prosecuted it to the judgment in their favor now before us for review. The main contention between the parties was as to whether the land belonged to the separate estate owned by John W. Wauhop, as claimed by appellant, or to the community estate between said John W. Wauhop and his wife Mary J. Wauhop, as claimed by appellees. The court found that the land belonged to the community estate between John W. Wauhop and his wife, and that appellees as the heirs of Kate D. Sauvage owned an undivided one-half of same. The court further found that, after the death of Mary J. Wauhop, appellant took and held possession of the land to the exclusion of Kate Sauvage during her life and of appellees after her death, and that appellees were entitled to recover of him as their part of rents collected by him while he so held possession of the land the sum of $829.98. Thereupon the court' adjudged a recovery in favor of appellees against appellant of one-half the land, and said sum of $829.98. He provided in his judgment for a partition of the land, and declared the $829.98 he had found in favor of appellees for rents to be a lien on the part of the land to be set apart to appellant. The findings of the court are, we think, supported by testimony in the record.

[1] In his first, second, third, and fourth assignments appellant complains of the action of the court in sustaining, as he asserts, exceptions to portions of his answer; and in his seventh assignment he complains of the action of the court in overruling, as he asserts, exceptions interposed by him to appellees' petition. Appellant's assertions as to the action of the court are not sustained by the record; for it does not appear that any of the exceptions referred to were ever called to the attention of and acted upon by the court. In conformity to a well-established rule these assignments are overruled.

Chambers v. Miller, 9 Tex. 236; Moore v. Woodson, 44 Tex. Civ. App. 503, 99 S. W. 118.

[2] The action of the court in overruling his application to continue the case until he could procure the testimony of the witness Hooser is made the basis of appellant's fifth assignment. In his application appellant failed to state that the testimony was material, and that he had used due diligence to procure it. As it therefore was not a statutory application (article 1918, R. S. 1911), it was within the discretion of the court to grant it or not. Appellant has not pointed to anything in the record which shows that the court abused the discretion he possessed with reference to the matter. Carver Bros. v. Merrett, 155 S. W. 633, and authorities there cited; Railway Co. v. Hardin, 62 Tex. 367; Little v. State, 75 Tex. 620, 12 S. W. 965; Railway Co. v. Shuford, 72 Tex. 165, 10 S. W. 408. The assignment is overruled.

[3] In their petition appellees alleged that at the date of the death of John W. Wauhop the 231.33 acres of the C. A. Ballard survey was his and his wife's homestead, and that, after his death, it was continuously occupied and used by his wife as her homestead until her death on October 21, 1907. Appellees then alleged that the crops grown on the land during said year 1907 were fully matured, and had ceased to be a part of the realty at the date of Mrs. Wauhop's death, and were a part of her separate estate. They then alleged that said crops "consisted," quoting from the petition, "of corn, cotton, cotton seed, and other farm products, the value and exact amount of each the plaintiffs are unable to definitely state, as all the information in reference to same is peculiarly within the knowledge of defendant, who took possession of all of said crops and the proceeds thereof and appropriated the same to his own use and benefit, without the knowledge and consent of the said Kate D. Sauvage, or these plaintiffs, but they here allege and aver that there were 197 acres of said land in a fine state of cultivation, and so cultivated for the year 1907 that the crops so raised thereon and to which the said Mary J. Wauhop was entitled as her separate property were of the cash market value of at least $1,000." A part of appellees' prayer was that appellant be required "to show (quoting) and account for all personal property on hand at the death of the said Mary J. Wauhop belonging to the community estate of herself and J. W. Wauhop and her separate estate." In his answer, after denying the truth of the allegations in the petition, appellant alleged that the land was cultivated during the year 1907 by tenants under an agreement between himself and Mary J. Wauhop, whereby he was "to manage the place and look after all business affairs," and divide equally with her the balance remaining of sums received as rents, after paying all expenses and indebtedness previously incurred under similar agreements covering previous years. He then alleged that the sums received as rent for said year 1907 aggregated only the sum of $608.50, whereas the expenses and indebtedness referred to aggregated $743.66. Over appellant's objection on the ground that it was "an alternative pleading," quoting his language, "and that he had a right to plead contrary and alternative pleadings," the court permitted appellees to read as evidence the allegation in the answer showing the sums received by appellant as rent for said year 1907, and on appellees' objection thereto, on the ground that same was "immaterial, incompetent, and irrelevant," refused to permit appellant to read as evidence his allegations in regard to an agreement between himself and Mary J. Wauhop and the disposition to be made of sums received as rent for said year 1907. We do not think the court erred in the rulings complained of, and therefore overrule the sixth assignment. The part of the answer showing appellant had received $608.50 as rent of the land was an admission appellees were entitled to the benefit of and the part excluded was incompetent because self-serving. Graham v. Henry, 17 Tex. 169; Ogden v. Bosse, 86 Tex. 344, 24 S. W. 798; Barnes v. Bank, 153 S. W. 1174. It may be remarked, however, that, if the action of the court in excluding the part of his answer offered by appellant was error, it was harmless, because he was permitted as a witness to testify fully in regard to the matters covered by said part of his answer.

[4] As relevant to the issue between the parties as to whether the land belonged to the separate estate of John W. Wauhop or the community estate between him and his wife, said Mary J. Wauhop, appellant offered to prove by the witness Pope that he had heard said Mary J. Wauhop declare that same was a part of John W. Wauhop's separate estate; and by the witness Durram that he had heard both Mary J. Wauhop and John W. Wauhop so declare. On appellees' objection thereto on the ground that such declarations, if made, were mere legal conclusions on the part of the declarants, and not competent as evidence of title, the testimony offered was excluded, and we think properly so; for title to land cannot be shown in that way. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Mooring v. McBride, 62 Tex. 309. Therefore the eighth and ninth assignments are overruled.

[5] The court refused to permit appellant to read as evidence the pleadings of the parties and the charge and judgment of the court in the suit of W. B. and N. W. Guinn against B. G. Bledsoe and John W. Wauhop, disposed of by the district court of Red River county in 1874. For reasons stated in the opinion then filed, this court held on the former appeal of this case that the record in that suit was not admissible as evidence

on behalf of appellant. We adhere to the ruling then made, and overrule the tenth and eleventh assignments. On the same appeal, construing the will of John W. Wauhop, we held that it showed the intention of the testator to be to pass to his devisee only his interest in the property in controversy, and therefore that Mary J. Wauhop was not put to an election whether she would take under the will or not. As we are still of the same opinion, we overrule the eighteenth assignment, in which appellant complains that the court erred in holding that said Mary J. Wauhop and those claiming under her were not estopped from claiming otherwise than under the will.

[6] Special issues were submitted to the jury, but the court refused to submit and require them to answer 10 questions which appellant requested the court to propound to them. In his twelfth assignment appellant complains of the refusal of the court to submit eight of the questions, and in his thirteenth assignment he complains of the refusal of the court to submit the other two. The two assignments are set out in appellant's brief, but the brief does not contain statements from the record showing that the court erred as claimed, as contemplated by rule 31 for the government of Courts of Civil Appeals. Therefore appellant is not entitled to have the assignments considered. Railway Co. v. Furber, 45 Tex. Civ. App. 348, 100 S. W. 1042; Burke v. Holmes, 80 S. W. 565; Davidson v. Jefferson, 76 S. W. 765; Railway Co. v. Stewart, 101 S. W. 283; Laing v. Hanson, 36 S. W. 118; Railroad Co. v. Beattie, 88 S. W. 367. For a like reason, the fourteenth and fifteenth assignments are not entitled to be and have not been considered. We will state, however, with reference to the fifteenth assignment, that unless the $608.50, which, it is asserted, the court rendered judgment for as rent of the land for the year 1907, is included in the sum of $829.98 adjudged in appellees' favor, the contention presented by the assignment is not supported by the record.

[7] Appellees' suit was for a partition of land they alleged they owned in common with appellant, and for an accounting as to rent which they alleged he, while excluding them from possession with him of the land, had collected and used for his own benefit. On testimony warranting it the court found in appellees' favor for the sum of $829.98 as their part of rents so collected by appellant, and adjudged same to be an equitable lien against the part of the land to be set apart to appellant in the partition he ordered. It is claimed that the court erred in adjudging the recovery he allowed for rent to be a charge on appellant's interest in the land. We do not think he did. Wipff v. Heder, 41 S. W. 166; Kalteyer v. Wipff, 92 Tex. 683, 52 S. W. 63. In the case first cited the court said: "It is well settled that, where rents

have been collected by one cotenant, he is accountable to the other in reference thereto, and the latter in partition is entitled to an equitable lien on the other's interest in respect thereto." The sixteenth assignment is overruled.

[8] The seventeenth assignment is as follows: "The court erred in rendering judgment in favor of plaintiffs for one-half of the land described in their petition when the undisputed evidence showed that a portion of said land was undisputedly the separate property of John W. Wauhop, and that portion should have been adjudged to defendant." The statement from the record in support of the assignment is as follows: "Deed from Barkley M. Ballard to James W. Wauhop, dated September 23, 1843 (S. F. p. 73). James W. Wauhop, John W. Wauhop, W. A. Wauhop and Sallie A. Tomlin were the only heirs of James W. Wauhop (S. F. p. 49). W. A. Wauhop died, leaving as his heirs his brother and sister, John W. Wauhop and Sallie Tomlin." From other portions of the record it appears that Barkley M. Ballard owned an undivided one-half interest in the Bartley survey at the time he made the conveyance to James Wauhop. Assuming that said James Wauhop died intestate, it may be said to have sufficiently appeared that John W. Wauhop as one of his heirs owned an undivided one-sixth interest in the land; and, assuming that his brother, W. A. Wauhop, also died intestate, it may be said that as one of W. A. Wauhop's heirs he owned a one-twelfth undivided interest therein; or, as an heir of both his father and brother, a one-fourth undivided interest in the land. But it further appears from other portions of the record that John W. Wauhop, owning said undivided interest in his own separate right, and with his wife, as a part of the community estate between them, owning the remainder thereof, on, to wit, December 27, 1869, joined by his wife, conveyed all the land to one B. G. Bledsoe, in consideration, as recited in the deed, of the payment by Bledsoe of $1,700 in cash and his two promissory notes, one for $2,500 and the other for $500. The deed to Bledsoe was an absolute one, and contained no recital of the retention of a vendor's lien to secure the payment of the notes. It further appears that said Bledsoe by his deed dated January 21, 1875, in consideration, as recited therein, of $5,000 paid to him by John W. Wauhop, and "the surrender and discharge" of the notes for $2,500 and $500, respectively, he had made to said John W. Wauhop and his wife December 27, 1869, conveyed the land to said John W. Wauhop. Such being the state of the record, it cannot be said that it appeared as a matter of law that John W. Wauhop in his own separate right owned an interest in the land after the conveyance thereof to him by Bledsoe. That conveyance having been made at a time when said John W. Wauhop and

Mary J. Wauhop were husband and wife, the presumption was that the land became a part of the community estate between them. The $1,700 cash paid by Bledsoe at the time the land was conveyed to him was more than one-fourth of the price he was to pay for the land, and, if so applied by John W. Wauhop, was more than sufficient to pay in full the sum due him on account of the one-fourth undivided interest owned by him in the land in his own separate right. It was not shown he did not so apply it. It would seem, therefore, that the presumption the law indulges was not rebutted, and that the court did not err in holding that the land was a part of the community estate beweeen John W. and Mary J. Wauhop.

The testimony of Dr. Pat B. Clark set out in the statement under the nineteenth assignment was inadmissible for any purpose, and the court did not err in excluding it. Therefore said assignment is overruled.

[9] Having reached the conclusion that appellant has shown no reason why the judgment should be reversed, it remains for us to determine whether appellees are entitled to the relief they ask. In cross-assignments they complain of findings of the jury on issues submitted to them in regard to rents collected by appellant during the time he had exclusive possession and control of the land, and in regard to certain other personal property, and of the admission of certain testimony as relevant to said issues, and ask that the judgment "in reference," quoting, "to the lands be in all things affirmed, and as to the personal property and rents be reversed and remanded." But we are of the opinion that appellees are not entitled to have the judgment affirmed in part and reversed in part as they ask here. They sought to recover an undivided one-half interest in the land and part of the rents thereof they were entitled to as owners in common with appellant. Their prayer was for a partition of the land, for an accounting as to the rents, and that in the partition to be made the amount adjudged in their favor as rents should be made a charge on the part of the land set apart to appellant. In a separate suit for the rents they would not have been entitled to have their recovery therefor made a charge on appellant's interest in the land. They were entitled to that relief only in a proceeding like the one they prosecuted; that is, in a proceeding to partition and adjust accounts and equities growing out of or referable to the property then owned in common with appellant. Kalteyer v. Wipff, 92 Tex. 683, 52 S. W. 63. It would seem, therefore, that their suit for rents and the relief they sought on account of same was not independent of their suit for a partition of the land, but, at least to the extent of a part of the relief sought, dependent on it. We are of the opinion, therefore, that the judgment

should not be reversed in part and affirmed in part as prayed for by appellees. Unless that can be done, appellees are in the attitude of waiving their cross-assignments. They do not wish the judgment reversed, so far as it determined the controversy as to the land, and in their brief ask that it be affirmed in its entirety, if it cannot be affirmed as to the land and reversed as to the rents.

The judgment is affirmed.