ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. WILLIAMS et al.    (No. 5390.)

(Court of Civil Appeals of Texas.    Austin.
Oct. 14, 1914.    Rehearing Denied
Nov. 18, 1914.)

1. NEW TRIAL (§ 96*) — GROUNDS — ABSENT
WITNESS—DILIGENCE.

Refusal ·of a continuance for absent wit-
nesses, nonresidents of the county, not a statu-
tory one, under Vernon's Sayles' Ann. Civ. St.
1914, art. 1918, *held* not an abuse of discretion,
where the case was decided November 28th, and
a new trial granted on December 5th, the court
having several days before told counsel that he
would grant it, and the motion for continuance
made on December 6th, when the case was
called for trial.

[Ed. Note.—For other cases, see New Trial,
Cent. Dig. §§ 172, 190–194; Dec. Dig. § 96.*]

2. APPEAL AND ERROR (§ 966*)—DISCRETION
OF COURT—REFUSAL OF CONTINUANCE.

Where an application for a continuance is
not a statutory one its refusal is not subject
to review unless the discretion of the court
is abused.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3837; Dec. Dig. § 966.*]

3. CONTINUANCE (§ 14*)—DISCRETION—ABUSE.

The overruling of a motion for a contin-
uance, made on the ground of the filing of an
amended petition on the day of trial, is not an
abuse of discretion, where the original petition
is not in the record, and the explanation to the
bill states that a new cause of action was not
introduced, and counsel for plaintiff offered to
introduce the report of their testimony at a
former trial, which was objected to by defend-
ant, and the judge did not consider any new
matter, and the judgment rendered was for a
few dollars less than a judgment on a former
trial.

[Ed. Note.—For other cases, see Continuance,
Cent. Dig. §§ 25, 99–112; Dec. Dig. § 14.*]

4. APPEAL AND ERROR (§ 740*)—ASSIGNMENT
OF ERROR—GENERALITY.

An assignment of error that the verdict is
excessive is too general to be considered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3028; Dec. Dig. § 740.*]

Appeal from Hamilton County Court;
J. L. Lewis, Judge.

Action by Joe E. Williams and others
against the St. Louis Southwestern Railway
Company of Texas.    From a judgment for
plaintiffs, defendant appeals.    Affirmed.

Marshall Ferguson, of Stephenville, for
appellant.    Eidson & Eidson, of Hamilton,
for appellees.

RICE, J.    This suit was brought by appel-
lee Williams against appellant and the Ft.
Worth & Rio Grande and the Gulf, Colorado
& Santa Fé Railway Companies, to recover
damages alleged to have been sustained to 60
head of beef steers, shipped by appellee
Williams on the 25th of January, 1913, over
the lines of said railway companies from
Hamilton, Tex., to Oklahoma City, Okl., on
account of negligent delay en route.    Each
of said companies filed answers, denying gen-
erally and specially the negligence attributed

to them; and the case, being tried before
the court without a jury, resulted in a judg-
ment in favor of appellee Williams against
appellant for the sum of $347.40 and interest,
and in favor of the other defendants, from
which this appeal is prosecuted.

The only errors assigned are: First, that
the court erred in overruling appellant's mo-
tion for continuance; and, second, that the
judgment of the court is excessive.    It ap-
pears from the evidence that the shipment
left Hamilton on Saturday evening about 5
o'clock, reaching Ft. Worth about 6 the next
morning, but was held there, without any
apparent cause, until 12 o'clock Sunday
night, reaching Oklahoma City Monday at
midnight, being likewise delayed three hours
at Gainesville and five hours at Purcell.    The
cattle were very much drawn and injured in
marketable appearance, besides which they
lost some 50 pounds per head in excess of the
ordinary and natural depreciation in weight;
and it appeared that the market on Monday
was higher by 15 cents per hundred than it
was on Tuesday, from all of which appellee
suffered loss to the extent of the judgment.

[1-3] Appellant contends that the court
erred in overruling its motion for a contin-
uance.    The motion was not a statutory one,
failing to show any diligence to obtain the
testimony of the witnesses, for whose evi-
dence the continuance was sought.    See ar-
ticle 1918, vol. 2, Vernon's Sayles' Tex. Civ.
Stat. 1914.    Three of these witnesses were
conductors on the lines of the defendants,
and one was a station agent at Hamilton at
the time the shipment was made, all of
whom were nonresidents of the county at the
time of the trial, and no effort was made to
secure their depositions.    The original peti-
tion was filed on the 19th of June, and the
case was first tried on the 28th of Novem-
ber of the same year, and judgment render-
ed against defendants, which was set aside
at their instance on the 5th of December;
the court having told counsel for defendants,
several days before granting same, that it
would be granted.    On December 5th, at the
time the motion was granted, counsel was
informed that the case would be set down for
the next day.    No effort was thereafter
made to secure the attendance of either or
any of said witnesses.    Since the applica-
tion was not a statutory one, its refusal was
within the sound discretion of the trial court,
and, unless the same was abused, it is not the
subject of review by us.    See Carver Bros.
v. Merrett, 155.S. W. 633; Wauhop v. Sau-
vage's Heirs, 159 S. W. 185, and authori-
ties there cited.    We do not think any abuse
of this discretion is shown.    It is true that
appellant recites in its motion that an amend-
ed petition, setting up a new and distinct
cause of action, was filed on the day of trial,
for which ·reason it asserts that it was en-
titled to a continuance; but the original

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

petition is not brought up in the record, and the trial court, in an explanation to the bill, shows that the cause of action alluded to was in fact embraced within the original petition. Besides, it appears that counsel for appellee offered to permit defendant's counsel to introduce in evidence the stenographic report of the testimony of all of said witnesses, except one, taken on the former trial, but counsel did not take advantage of such offer; and subsequently counsel for appellee offered to introduce such report themselves, but, upon objection of appellant's counsel, said testimony was excluded. Besides this, the court, in its explanation, stated that it did not consider any new matter, and the judgment rendered was in fact for a few dollars less than the judgment on the former trial. This being the state of the record, we do not think there was any error in overruling appellant's motion for a continuance.

[4] The remaining assignment, complaining that the verdict is excessive, is too general to be considered; but, waiving this point, the evidence, we think, is ample to sustain the judgment rendered.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.