Gulf, Colorado & Santa Fe Railway Company v. J. O. Hayter.

No. 841. Decided January 15, 1900.

**Personal Injury—Damages—Physical Injury Resulting from Mental Emotion.**

Though there can be no recovery for mere fright neither attended nor followed by any other injury, where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages; provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof—these being questions for the jury. (Pp. 241, 242.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Hayter brought the suit against the railway company, and the latter obtained a writ of error on affirmance by the Court of Civil Appeals of a judgment obtained by plaintiff in the trial court.

*J. W. Terry*, for plaintiff in error.—Damages which are attributable to mere mental fright or shock are not recoverable when the same are accompanied by no physical injury or disturbance. Haile v. Railway, 23 L. R. A., 774; Spade v. Railway, 38 L. R. A., 512; Ewing v. Railway, 14 L. R. A., 666; Mitchell v. Railway, 34 L. R. A., 781; Railway v. Trott, 86 Texas, 412.

Injuries, the result of mere fright, are so rare and infrequent that the same can not be reasonably anticipated by the wrongdoer, and hence are not, within the contemplation of law, the proximate result of the negligence complained of. Seale v. Railway, 65 Texas, 274; Railway v. Folliard, 66 Texas, 603; Railway v. Terry, 62 Texas, 380; Cleveland v. Steamboat Co., 89 N. Y., 627; 125 N. Y., 299; Hailes v. Railway, 60 F. R., 557; Scheffer v. Railway, 105 U. S., 249; Eames v. Railway, 63 Texas, 660; Jones v. George, 61 Texas, 346; Sellars v.

Railway, 25 Am. and Eng. Ry. Cases, 451; Railway v. Mutch, 54 Am. and Eng. Ry. Cases, 107; Craven v. Braun, 73 Ill. App., 189; 42 La. Ann., 199; Braun v. Craven, 175 Ill., 401.

*Neyland & Neyland, T.`D. Montrose,* and *Lee A. Clark,* for defendant in error.—If the negligence of a railway company places a person in a position of such imminent peril as to cause fright, and the fright causes illness and disease, the negligence is the proximate cause of the injury, and the injury is one for which an action may be brought.   Hill v. Kimball, 76 Texas, 210; Railway v. McKenzie, 41 S. W..Rep., 831; Yoakum v. Kroeger, 27 S. W. Rep., 953; 2 Sedg. on Dam, 8 ed., sec. 861; Purcell v. Railway, 50 N. W. Rep., 1034; Mitchell v. Railway, 25 N. Y. Supp., 744; McGlinchey v. Casualty Co., 6 Am. State Rep., 190; Railway v. Latimer, 28 Ill. App., 552, 128 Ill., 163; Fitzpatrick v. Railway, 12 U. C. Q. B., 645.

The negligence of a railway company in running its train into another in which a passenger is riding is, in itself, sufficient "impact" to fix liability even for fright, especially where the negligence (as in this case) is gross and the passenger is injured physically, although the harm consists mainly of nervous shock which results in disease.   See foregoing authorities and also authorities cited by appellant under its first proposition.   Warren v. Railway, 163 Mass., 484; Canning v. Williamstown, 1 Cush., 451; Stutz v. Railway, 73 Wis., 157; Bell v. Railway, 26 L. R. (Ir.), 428.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error.   He recovered a judgment, which, upon appeal, was affirmed by the Court of Civil Appeals.

The plaintiff was a passenger on a train of the Missouri, Kansas & Texas Railway Company which was struck by a freight train of the defendant company at a point where the road of the former company is crossed by that of the latter.   He was seated in the smoking car, and the train upon which he was riding was passing the crossing at the time the collision occurred.   It was struck about the coupling between the chair car and the sleeping car.   Among other things, he testified as follows: "That the Missouri, Kansas & Texas train had stopped for the crossing and was just moving forward when he saw the Santa Fe train approaching the crossing at a rapid rate of speed, at a distance therefrom of about one-quarter of a mile.   I did not think at this time that there would be a collision. About the time the Katy train started over the track at the crossing, it suddenly moved forward with a jerk, and increased speed; the whole of it got across the crossing except the chair car and the sleeper; the Santa Fe train ran into the Katy train about the coupling between the chair car and the sleeper; the Katy train came to a sudden stop, jarring plaintiff considerably, but he did not realize that he was hurt until he got off the train. *  * *   The coach that plaintiff was sitting in did not leave the track, but the chair

car, which was next behind the car in which plaintiff was riding, and the sleeping car, which was the rear car of the train, both left the track,—were derailed; that plaintiff was not knocked off his seat, nor did the collision tear his hands loose from the hold he had taken, nor knock him from the seat, nor disturb his position any that he could tell, but it frightened him greatly." There was testimony tending to show that a serious nervous affection known as traumatic neurasthenia resulted from the accident, and that this may have been caused either by the physical shock or by the mental shock produced by fright or by both. The trial court ruled and in effect charged the jury that if the negligence of the servants of the defendant company caused a collision between the two trains, "and * * * that as a direct result of said collision plaintiff received a mental shock, or a physical injury, or both, that caused a disease or sickness to develop from which plaintiff has suffered physical pain and mental anguish; and * * * such negligence of the Santa Fe company was the proximate cause of such disease or sickness," they should find a verdict for him.

The only error assigned in this court is "that the Court of Civil Appeals erred in holding that the plaintiff can recover for injuries, the result of mere shock or fright, when the defendant had not inflicted any bodily injury and had caused no other disturbance to the plaintiff than such fright or shock."

The question thus presented is one upon which there is a decided conflict of authority. It is generally held that for mental suffering accompanying physical injuries, negligently inflicted, damages may be recovered; but many courts hold that for sickness, impairment of the mental faculties, or physical lesions which merely result from a mental emotion caused by the wrongful act or omission of another, but which do not accompany such mental emotion, no recovery can be had. This court has held that there can be no recovery for mere fright neither attended nor followed by any other injury. Railway v. Trott. 86 Texas, 412. But in Hill v. Kimball, 76 Texas, 210, which presented a similar question to that before us, we held that a recovery could be had for a miscarriage alleged to have been caused by a mental shock unaccompanied by any physical violence whatever to the person of the injured woman. That, however, was a very strong case; and when we granted the writ of error, we were in doubt whether that decision justified the ruling of the trial court and of the Court of Civil Appeals in the present case. We have therefore re-examined the question in the light of the very numerous authorities which have been presented by counsel, with the result that we have been unable to discover any substantial difference between the case where an injury has been inflicted through physical agencies and one in which a mental emotion constitutes one of the links in the chain of causes which have led to the injurious result. As has been pointed out by the Supreme Court of South Carolina, the courts which deny the right of recovery in the latter case are not in accord as to

the ground upon which their conclusion is based. Mack v. Railway, 29 S. E. Rep., 905. By some, it is held that a physical injury is not a natural and probable consequence of a mental emotion, however potent, and that the injury in such case is one not reasonably to be anticipated. Others content themselves by saying, in effect, that a contrary ruling would result in a multiplication of damage suits and in intolerable and vexatious litigation. The uncertainty and obscurity attending the facts and the consequent difficulty of administering the law are also urged as an objection to allowing damages for such injuries. To our minds, neither proposition affords a sufficient reason for denying a recovery in these cases. This court has announced the doctrine that in order to constitute negligence, the act or omission must be the proximate cause of an injury, which, in the light of the attending circumstances, ought to have been foreseen as a natural and probable consequence of such act or omission. Railway v. Bigham, 90 Texas, 223. But in the light of modern science, nay, in the light of common knowledge, can a court say as a matter of law that a strong mental emotion may not produce in the subject bodily or mental injury? May not epilepsy or other nervous disorder or insanity result from fright? May not a miscarriage result from a mental shock? In several of the adjudicated cases in which the question under consideration has been passed upon, there was. a miscarriage caused by fright or other mental emotion. Mitchell v. Railway, 151 N. Y., 107; Renner v. Canfield, 36 Minn., 90; Rock v. Denis, 4 Mont. L. R., 356; Fitzpatrick v. Railway, 12 U. C. Q. B., 645.

On the other hand, the reported cases would indicate that the litigations arising from injuries inflicted through a mental shock are not so numerous as to cause any considerable increase of litigation. So that this objection, as it seems to us, rests upon an imaginary ground. It is true that in most cases it may be difficult to determine the extent of a mental shock and its result upon the physical system. But, in our opinion, this is not a' sufficient reason for refusing a remedy for damages resulting from a wrong. The same difficulty exists in many other cases in which that objection has never been urged as a reason why a recovery should be denied.

We conclude that where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof. In our opinion, as a general rule, these questions should be left to the determination of the jury.

The following cases are in accord with our views: Bell v. Railway, 26 L. R. (Ir.), 428; Sloane v. Railway, 111 Cal., 668; Mack v. Railway, 29 S. E. Rep. (So. Car.), 905; Purcell v. Railway, 48 Minn., 134; Fitzpatrick v. Railway, 12 U. C. Q. B., 645. In the following the contrary doctrine is laid down: Spade v. Railway, 168 Mass., 285;

Ewing v. Railway, 14 Law. Rep. Ann. (Pa.), 666; Mitchell v. Railway, 151 N. Y., 107; Victorian Comm'rs v. Coultas, L. R. 13 App. Cas., 222; Braun v. Craven, 175 Ill., 401.

For the reasons given, we think that the assignment points out no error, and therefore the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*