## DUNCAN v. DONNELL et al.   (No. 511.)

Court of Civil Appeals of Texas.   Eastland.
Dec. 7, 1928.

Rehearing Denied Jan. 11, 1929.

S. A. Penix and Marshall & King, all of Graham, for appellant.

Odell & Owens, of Throckmorton, for appellees.

LESLIE, J.   Mrs. Hester Donnell and husband, J. D. Donnell, instituted this suit in Throckmorton county against W. D. Duncan, a resident of Young county, to recover damages occasioned by fright due to the conduct of the defendant, Duncan, and which it is alleged affected the health, etc., of Mrs. Donnell. The defendant filed his plea of privilege to be sued in Young county, and the plaintiffs filed a controverting affidavit following the tenor of their petition and setting up a cause of action arising out of the following alleged facts:

That plaintiffs were tenants, occupying premises owned by the defendant, Duncan, and situated in Throckmorton county, Tex.; that the defendant, on or about June 15, 1927, called at the home of the plaintiffs and used violent and abusive language toward and concerning the husband, J. D. Donnell, in the presence of the wife, Hester Donnell, who was then known by the defendant to be with child; that the fright and excitement resulting from this conduct of the defendant affected the wife almost to the extent of a miscarriage; that about July 9th following, the defendant returned to the plaintiffs' residence, in the absence of the husband, J. D. Donnell, and nailed up two doors and two windows in the house; that at such time the wife was in a nervous condition by reason of the status of her health and the previous conduct of the defendant; that she again became very much frightened by the alleged acts and behavior of the defendant; that his conduct, as alleged, resulted in miscarriage and the premature birth of her child, which died a short while thereafter; that by reason of said fright, resulting from the defendant's conduct, the wife, Mrs. Donnell, suffered great mental anguish and physical pain and is still so suffering and likely to continue a nervous wreck; that by reason of the foregoing Mrs. Donnell was damaged in the sum of $5,000, which plaintiffs seek to recover along with other items of damage in their favor, all of which are alleged to be the proximate result of the defendant's alleged reckless misconduct, which is charged in one count to have been maliciously and intentionally done and in another as negligently done.

The plaintiffs' pleadings appear to have been drafted with the opinion of our Supreme Court in Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, well in mind. That case has a striking resemblance to this one. That was a case where the landlord, knowing the plaintiff's wife was well advanced in pregnancy, went to the house of his tenant and in the presence of the wife used profane language and assaulted two negroes in a violent manner, resulting in the drawing of blood, all of which conduct, it was alleged, frightened the wife and eventually produced a miscarriage. As stated by Judge Gaines in the above opinion, this character of cause was then "novel," but it was held to constitute grounds for recovery. The court, after due consideration of the action, stated:

"After a very careful consideration of the

petition, we are of opinion that its allegations show a cause of action. We have found no exact precedent for such an action, but that is no sufficient reason why an action should not be sustained. That a physical personal injury may be produced through a ·strong emotion of the mind there can be no doubt. The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient ground for refusing compensation, in an action at law, when the injury is intentionally or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the ·injury be the proximate result of the cause, we cannot say that a recovery should not be had."

In this case, as in the one from which the quotation is taken, according to the allegations in the petition, the defendant produced bodily injury by means of an emotion originating in fright.

■■ The above opinion is also applicable on the question of venue here presented. At the hearing upon the issues presented by the controverting affidavit, Mr. and Mrs. Donnell testified substantially to the matters alleged and previously noted. In view of a possible trial on its merits, it is not necessary nor proper that the testimony in the record should be set out and commented upon. Suffice it to say that this court has examined the testimony and the pleadings, and it is believed that both sufficiently present a prima facie case in favor of the plaintiff (originating in trespass on the part of the defendant) subjecting him to suit in Throckmorton county under subdivision 9, art. 1995 of Vernon's Annotated Civil Statutes, providing for suits against a defendant in the county where he commits a crime or trespass.

■ There were elements of damage which the plaintiffs apparently made no effort to sustain with proof in this hearing based upon the issues raised by the controverting plea of privilege, such for instance, as the doctor bill, burial expenses, etc. However, the primary element of recovery sought by the suit is compensation for physical and mental suffering sustained by the plaintiff's wife. For the measurement of these elements there is no recognized standard except what an honest and impartial jury, uninfluenced by passion, prejudice, or other improper motive may deem adequate. Their judgment, as supervised by the court, must be accepted.

Therefore, upon the major element of damage we think the plaintiffs unquestionably made out a prima facie case which would have been sufficient in a trial on the merits to have permitted them to go before the jury, and certainly sufficient in a hearing of this kind to establish a prima facie case entitling the plaintiffs to maintain the suit in Throck-morton county. Further than this we ( go, nor is it to be understood that this expresses any opinion upon the admiss of that portion of the testimony in which Donnell appears to have related to Mrs. ᴅᴏ. nell a rather severe controversy occurring between him and Duncan and out of her presence.

■ Complaint is made and based upon the clerk's having placed the number, 606½, on the original petition and 606 on other instruments and pleadings in the cause filed thereafter. The correspondence between the attorneys for the plaintiffs and the defendant was introduced in evidence, and it discloses that no injury resulted to any one by reason of an inadvertent variance in the numbers assigned the pleadings by the clerk. There was but one suit, and all parties so understood, and the above matters were discussed by the attorneys and the cause continued by agreement to a subsequent term of the court, at which time the parties appeared and tried out the issues arising under the plea of privilege and controverting affidavit which were filed in the only suit pending between the litigants. We do not regard the manner of numbering the pleadings, under the circumstances, of any importance, and the assignment is overruled.

For the reasons stated, the judgment of the trial court is affirmed.