HOUSTON ELECTRIC COMPANY V. SELMA DORSETT.

No. A-821. Decided May 15, 1946.
Rehearing overruled June 12, 1946.
(194 S. W., 2d Series, 546.)

*William M. Ryan* and *J. Curtis Brown,* and *Baker, Botts, Andrews and Wharton,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that plaintiff could recover when she based her cause of action. on simple negligence when it appeared that there was no collision or contact between her and the object causing the fright and mental disturbance resulting from her narrow escape. That court

also erred in refusing to hold that the damage claimed by plaintiff was, as a matter of law, not foreseeable. Gulf, C. & S. F. Ry. Co. v. Trott, 86 Texas, 412, 25 S. W. 419; Longergan v. William Small & Co., 81 Kan. 48; Wedgewood v. City of Fort Worth, 189 S. W. (2d) 40.

*Helm & Jones* and *Albert P. Jones,* all of Houston, for respondent.

On the question of plaintiff right to sustain a cause of action for fright. Hill v. Kimball, 76 Texas 210, 13 S. W. 59; St. Louis S. W. Ry. Co. v. Murdock, 116 S. W. 139; Laney v. Rush 152 S. W. (2d) 491. 13 Tex. Jur., 229.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case presents the question whether respondent can recover damages against petitioner for injuries alleged to have been sustained by her as a result of the negligent operation of a bus driven by an employee of petitioner, which caused the bus to narrowly miss striking respondent, who was with her mother, and under such circumstances that respondent was thereby caused to be greatly shocked and frightened, resulting in physical injury to her, although there was no contemporaneous physical impact.

Selma Dorsett filed this suit against the Houston Electric Company for damages on account of negligence on the part of one of the Company's employees in operating a bus on the streets of Houston. The trial court sustained special exceptions to respondent's petition and, upon her declining to amend, the suit was dismissed. The Court of Civil Appeals at Galveston reversed the judgment of the trial court, and remanded the cause for a new trial. 191 S. W. (2d) 514. This Court granted an application for writ of error in order to review the question involved in the case.

Respondent alleged that on the evening of September 26, 1943, she was walking across a street in the City of Houston in a careful and prudent manner "in company with her deceased mother"; that as they were crossing the street bus approached which was being driven in a negligent manner; that the bus narrowly missed striking respondent, under such circumstances that she was caused to suffer great emotional upset, shock and fright, resulting in the derangement of her nervous system; and

that as a result of such incident she suffered from extreme nervousness, severe headaches, lapse of memory, and brain deterioration. The bus did not come in contact with respondent's body, and while at the time respondent seemed to be in a state of great shock, that was the only physical evidence of her injuries.

Prior to the above-mentioned incident respondent had been employed for years as a switchboard operator, and had been earning a substantial salary. After such incident she was compelled to remain away from her work for approximately a year; and although she had gone back to work, she has been advised by her physician that probably it will be necessary for her to discontinue such work because of her nervous disorders and brain deterioration.

During the argument before this Court it was stated as a fact that respondent's mother was fatally injured at the time. The opinion of the Court of Civil Appeals states that the negligent act of the bus driver resulted in the death of respondent's mother. That matter, however, does not appear in the record.

Petitioner presented several special exceptions to respondent's petition, and contended that she had not alleged a cause of action, principally for the following reasons; (1) Petitioner's bus did not come in contact with respondent, and she seeks to recover damages for fright, and under the law petitioner is not liable for damages caused by fright; (2) the damages claimed were too remote and speculative to permit a recovery thereon; (3) the alleged simple negligence of the bus driver could not have been a proximate cause of any damage; (4) the damage claimed by respondent was not, as a matter of law, foreseeable; and (5) no facts were alleged showing respondent sustained any physical injury, and her claim for damages rests solely upon the ground of fright and shock. The trial court sustained the exceptions urged by petitioner.

The question involved here has been the subject of much discussion, and perhaps no other rule in the law of torts has been the source of such divided conflict of decisions.

The reasons urged for denying this kind of an action are various. It is urged that, since the law allows no recovery for fright, it can give none for the results of fright. It is contended that fright is regarded as a mental and not a physical state, and

therefore no recovery should be allowed. The principal reasons urged against the right to maintain an action predicated upon a mental or emotional disturbance, unaccompanied by any physical injury, are as follows: (1) That such claims are regarded as outside the wise policy of the law, and should be denied for practical reasons; (2) that the injury is too remote and speculative, and not the proximate result of the wrongful act; and (3) that the injury is vague and uncertain, and can be simulated, and too much advantage rests with the injured party in proving such injury, and the difficulty in disproving same.

In the first cases in which this rule was involved, the question being a novel one, the courts gave a strict application of the rule. In 1888 a New York court, in the case of Lehman v. Brooklyn City R. Co., 47 Hun. N. Y., 355, 14 N. Y. St. Rep. 575, said that it was "unable to find either principle or authority for the maintenance of this action." An English court in 1888, in the case of Victorian Railways Comrs. v. Coultas, 13 App. Cas. 222, 58 L. T. (N. S.) 390, said, "It is remarkable that no precedent has been cited of an action similar to the present having been maintained, and their Lordships decline to establish such a precedent." See also the following cases: Ewing v. Pittsburgh, C., & St. L. Ry., 147 Pa. 40, 23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709; Ward v. West Jersey & S. R. Co., 65 N. J. L. 383, 47 Atl. 561.

The Supreme Court of Texas was one of the first courts to give this rule a more liberal application. In 1890 this Court, in the case of Hill v. Kimball, 76 Texas 210, 13 S. W. 59, 7 L. R. A. 618, took a different view of this rule from that of the courts which had strictly construed same. In that case Mr. Justice Gaines used the following language:

"We have found no exact precedent for such an action, but that is no sufficient reason why an action should not be sustained. That a physical personal injury may be produced through a strong emotion of the mind there can be no doubt. The fact that it is more difficult to produce such an injury through the operation of the mind that by direct physical means affords no sufficient ground for refusing compensation in an action at law when the injury is intentionally or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the injury be the proximate result of the cause, we can not say that a recovery should not be had."

In 1900 this Court, in the case of Gulf, C. & S. F. Railway v. Hayter, 93 Texas 239, 54 S. W. 944, 47 L. R. A. 325, 77 Amer. St. Rep. 856, reviewed the decisions in conflict upon this question, and reaffirmed the doctrine announced in Hill v. Kimball, supra, and in that case Chief Justice Gaines said:

"We conclude that where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof. In our opinion, as a general rule,. these questions should be left to the determination of the jury."

The decisions of this Court in the cases of Hill v. Kimball, supra, and Gulf, C. & S. F. Railway v. Hayter, super, for several years were followed by only a minority of the courts. However, other courts gradually changed their views on the question. In 1901 the English Court of the King's Bench Division, in the case of Dulieu v. White & Sons, 2 K. B. (1901) 669, 85 L. T. (N. S.) 126, refused to follow the opinion in the case of Victorian Railways Comrs. v. Coultas, supra, and held that a person could recover for physical damages from nervous shock unaccompanied by any physical impact; and for more than forty years the English courts have consistently followed the decision in Dulieu v. White & Sons. The conflict of decisions in the American courts has continued, but the decisions of this Court on this question in the cases of Hill v. Kimball, supra, and Gulf, C. & S. Railway v. Hayter, supra, are now supported by a majority of the courts of the States. See 52 Amer. Jur., pp. 399 and 400, sec. 55, and p. 429, sec. 82, and the cases cited in the footnotes; 12 Texas Law Review, p. 8, and the cases cited in the footnotes; 49 Harvard Law Review, p. 1033 et seq., and cases cited; 34 Harvard Law Review, p. 260, and cases cited; Annotations in 11 A. L. R. 1119, 40 A. L. R. 983, 76 A. L. R. 681, 98 A. L. R. 402, 122 A. L. R. 1486. The decisions of this Court in the two cases cited above have been consistently followed by the courts of this State. St. Louis Southwestern R. Co. of Texas v. Alexander, 106 Texas 518, 172 S. W. 709; St. Louis Southwestern R. Co. of Texas v. Mitchell (Tex. Civ. App.), 60 S. W. 891 (writ refused) ; Hendrix v. Texas & P. R. Co. (Tex. Civ. App.), 89 S. W. 461; Duncan v. Donnell (Tex. Civ. App.), 12 S. W. (2d) 811; Levine v. Trammell (Tex. Civ. App.), 41 S. W. (2d) 334 (writ refused) ; St. Louis Southwestern R. Co. of Texas v. Murdock

(Tex. Civ. App.), 116 S. W. 139 (writ refused) ; Wedgworth v. City of Fort Worth (Tex. Civ. App.), 189 S. W. (2d) 40 (writ dismissed, W. O. J.) ; Laney v. Rush (Tex. Civ. App.), 152 S. W. (2d) 491. The decisions in Hill v. Kimball,, supra, and Gulf, C. & S. F. Railway v. Hayter, supra, have also been followed by the courts in many other jurisdictions. See Shepard's Southwestern Reporter Citations to those two cases. See also Restatement of the Law of Torts (Negligence), sec. 436.

■■ Since the trial court sustained exceptions to respondent's petition, it must be assumed that the facts alleged are true. The facts alleged constituted a cause of action for which a recovery may be had, if determined in favor of respondent.

We are not here concerned with an action based merely on fright, neither accompanied nor followed by bodily injury, nor one based on facts showing that the person seeking recovery was not in the zone of danger.

The trial court erred in sustaining the exceptions to respondent's petition, and the Court of Civil Appeals correctly decided to reverse and remand the cause for further proceedings.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 15, 1946.

Rehearing overruled June 12, 1946.