HALE et al. v. COUNTY SCHOOL TRUS-
TEES OF ARCHER COUNTY et al.

No. 14891.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 5, 1947.

Rehearing Denied Jan. 9, 1948.

Nelson, Montgomery & Robertson, of Wichita Falls, for appellants.

O. M. Wylie and James W. Harvey, both of Archer City, for appellees.

SPEER, Justice.

Properly to understand the situation presented by this appeal it will be helpful to keep in mind that prior to the matters involved here, the following school districts existed: Newport Common School District No. 24 in Archer County, and contiguous thereto the Olney Independent School District in Young County, and adjacent to both of those just named there was the Megargel Independent School District (county line), embracing territory in Archer, Young, Throckmorton and Baylor Counties.

On August 26, 1946, a petition signed by twenty-four resident taxpayers of the Newport Common School District in Archer County was filed with the County Judge of Archer County, asking that an election be ordered to determine if said common school district should be consolidated with the Olney Independent School District in Young County. At the bottom of that

petition this indorsement appears: "8–28–46 —This petition is withdrawn by agreement. Joe E. Shelton, Co. Judge." Relators here denied the authority of the County Judge to make the indorsement; but we think that controversy need not be determined on this appeal.

On April 9, 1947, the three members of the Board of Trustees of the Newport Common School District, for themselves and in behalf of all persons in said District who were taxpayers and residents thereof, instituted a suit against the County School Trustees of Archer County, Joe E. Shelton, County Judge of said county, the School Trustees of the Megargel Independent School District, and the Board of Trustees of the Megargel Rural High School District, seeking certain relief not necessary to mention for the reason the petition in that case was thereafter amended.

On June 21, 1947, the amended petition was filed under the same docket number of the suit last above noted, it being in the nature of a quo warranto proceeding by the District Attorney in the name of the State of Texas upon the relation of J. R. Hale, Ethel Lemmons, and Hollis Sullivan as individuals and as the Board of Trustees of the Newport Common School District No. 24, naming as defendants the County School Trustees of Archer County, Texas, Joe E. Shelton as County Judge of said County, the Board of Trustees of the Megargel Independent School District, and the Board of Trustees of the Megargel Rural High School District.

In the amended pleading it is alleged, substantially, that while the petition of the residents of the Newport Common School District to the County Judge of Archer County asking for an election to determine if that district should be consolidated with the Olney Independent School District of Young County was pending and undetermined, the County Board of School Trustees of Archer County, Texas, ordered an election to determine whether the Newport Common School District of Archer County and the Megargel Independent School District (the county line district hereinabove referred to) should be grouped for the purpose of establishing and operating a rural high school. That subsequently and pur-suant to the order of election by the County Board of School Trustees of Archer County, the election was held and the Board of County School Trustees of Archer County received and canvassed the returns, and on November 1, 1946 entered an order purporting to group the said Newport Common School District and the Megargel Independent School District to form a rural high school district to be known as the Megargel Rural High School District. That each and all of the orders and declarations of said Board of School Trustees of Archer County were void, for the reasons:

(a) Said Board had full knowledge that the petition of the Newport Common School District to the County Judge was pending before that officer and that he had refused to order said election although the petition was in compliance with law in every respect.

(b) Because it was an attempt upon the part of the Board of County Trustees of Archer County to change, alter, modify and add to the area embraced within the Megargel Independent School District, portions of which lay in the Counties of Archer, Young, Baylor and Throckmorton, without the knowledge, consent, aid or written order of the majority of the members of the County Boards of Trustees of the Counties of Young, Baylor and Throckmorton.

(c) That all of said actions of the Archer County School Board were void because their several attempts brought about changes in the Megargel Independent School District, a county line district, which is prohibited by the provisions of Article 2744, R.C.S., except upon the consent of the County authorities of each county having territory contained in such county line school district, and no effort was made by said Board of Trustees of Archer County to obtain such consent of the Boards of the other counties containing a portion of the area of said Megargel Independent School District.

Further allegations were made that after the attempted formation of the Megargel Rural High School District, no board of trustees to manage and control the purported rural high school district was made by any authority of law under Article 2922e, R.C.S., Vernon's Ann.Civ.St.

art. 2922c, but said functions were attempted to be performed by the Archer County Board of School Trustees for and on behalf of the Megargel Rural High School District as attempted to be formed.

The prayer in relators' trial pleading was in substance that they have judgment declaring the attempted formation of the Megargel Rural High School District null and void and that it has no legal existence, that its attempted formation be dissolved, and alternatively that the attempted consolidation of the Newport Common School District with the Megargel Independent School District was and is illegal and void and that such attempted consolidation be held for naught and dissolved. Further mandatory injunctive and mandamus relief were sought requiring defendant, Joe E. Shelton, as County Judge of Archer County, to call an election for the Newport Common School District of Archer County to determine if said common school district should be consolidated with the Olney Independent School District, and for general relief.

The respondents filed a special exception to relators' petition asserting that the suit should not be maintained for the following reason, to-wit:

"Said petition shows on its face that the plaintiffs (relators) are seeking to attack the validity of a school district which has been duly recognized as a school district by the county authorities and that such district was created by the acts of the County School Board of Trustees of Archer County, Texas and by a vote of the people residing in such School District.

"That such District and the creation thereof was in all respects validated by Article 2815g—36 of the Revised Civil Statutes of Texas." Vernon's Ann.Civ.St.

On July 7, 1947 relators filed a motion to consolidate this cause, which bears docket No. 4195, with a cause of action then pending in said court, bearing docket No. 4147. The transcript shows that Cause No. 4147 was one filed on October 18, 1946 by Hale, Lemmons and Sullivan (the same persons as those upon whose relation No. 4195 was instituted) in their own behalf and as taxpaying citizens of the Newport

Common School District and as constituting the Board of Trustees of said District against the School Trustees of Archer County, Texas (naming the individual members thereof), Joe E. Shelton as secretary of said Board of Trustees, and the Megargel Independent School District (naming those alleged to constitute the Board of Trustees of said District). Plaintiffs in that suit prayed for a temporary injunction enjoining the Board of School Trustees of Archer County and the Megargel Independent School District and the persons named as election judges from holding an election to determine whether or not the Newport Common School District and the Megargel Independent School District should be grouped by the County School Trustees of Archer County for the purpose of establishing a rural high school district, and operating a high school therein.

The trial court by order entered July 7, 1947 overruled relators' motion to consolidate causes Nos. 4195 and 4147 as prayed for in the motion above referred to. In the same order the court sustained respondents' special exception to relators' petition, holding in the order that the validating act, being Article 2815g—36, Vernon's Ann.Civ. St., validated the acts of the County Board of School Trustees of Archer County in its several orders, wherein Megargel Independent School District (a county line district) and Newport Common School District were grouped, thereby forming, creating and establishing the Megargel Rural High School District. Relators declined to amend, and the cause was dismissed.

Relators have perfected this appeal from the judgment entered. They rely upon four points of error. They are in substance that the court erred in sustaining respondents' special exception for the reasons: (1) because Article 2815g—36, Vernon's Ann.Civ.St., did not validate the establishment of Megargel Rural High School District as attempted to be formed, since its attempted formation was not performed by proper officers. (2) Because this suit is a direct attack on the validity of said Rural High School District and the annexation of territory to the pre-existing county line

254

district, Megargel Independent School District, and further because this being a direct attack by quo warranto proceedings, Art. 2815g—36, Vernon's Ann.Civ.St., applied by the trial court did not validate the formation of said district. (3) Because said validating act upon which the trial court acted was subsequently repealed by Article 2815g—38, Vernon's Ann.Civ.St., which became effective May 23, 1947. (4) Error of the court in refusing to consolidate this case with a prior suit between the same parties theretofore filed by relators, which suit involved practically the same questions of law and facts.

■ It is the established public policy of this state, as reflected by legislative enactments, that an efficient public free school system shall be maintained throughout the state. The constant improvements in our road system and modern transportation, along with the fact that parents perhaps have become more school conscious recently than in previous years, have prompted the Legislature to keep our laws abreast with the times, resulting in many changes in the law concerning the formation of different school districts, of which there are many. Each of such districts has an important part in the policy of our educational system. Their formation and functions are controlled by boards of trustees with certain legal restrictions. These boards are frequently composed of laymen not versed in the niceties of legal requirements. They attempt, conscientiously, to perform the arduous tasks assumed by them without remuneration. The Legislature has for many years found it necessary to pass laws validating the acts of boards of trustees taking place since the last session of the Legislature. This is well, because it is obvious that such laymen cannot be expected to interpret the many, many laws on the subject when the courts, with the aid of able counsel, find much difficulty in harmonizing, correlating and applying them.

■ As above indicated, this case in the trial court went off on the sustaining of a special exception to relators' petition. In such circumstance it becomes the duty of the appellate tribunal to assume that the

relators' allegations of facts are true. City of San Antonio v. Earnest, 144 Tex. 83, 188 S.W.2d 775; Houston Electric Co. v. Dorsett, 145 Tex. 95, 194 S.W.2d 546.

Bearing in mind the foregoing settled rule, we observe that the relators' petition asserts that the County Board of School Trustees of Archer County attempted to change and add to the area of the previously established county line district, the Megargel Independent School District, which lies partly in each of the four counties Archer, Young, Baylor and Throckmorton, without the knowledge, consent or written permission of the Boards of School Trustees of the three counties other than Archer. Allegations were made that by the acts of the said Archer County Board of School Trustees, the Newport Common School District was attempted to be grouped with and added to said Megargel Independent School District and in this way said Archer County Board attempted to establish a new area to be known as the Megargel Rural High School District, located in the four named counties. For the purpose of this appeal, these allegations must be deemed as truly reciting the facts.

The act of the Legislature invoked by respondents in the sustained special exception became effective March 20, 1947, and provides among many other things that all school districts, including county line independent school districts, rural high school districts and all other districts, groups or annexations of whole districts or parts of districts, etc., "heretofore laid out and established by the proper officers of any county or municipality * * * are hereby validated in all respects as though they had been duly and legally established in the first instance." It is the contention of relators that the validating act applied by the trial court is not applicable to this case for the reason that it only relates to and validates districts "laid out and established by the *proper officers.*" (Our emphasis.)

In determining the applicability of the said validating act, we must discover from the existing laws who were the "proper officers" authorized by law to change or modify the pre-existing county line Me-

gargel Independent School District and to thereby formulate, lay out and establish the Megargel Rural High School District.

Article 2743, R.C.S., provides that boards of county school trustees shall have full power and authority to create common school districts to contain territory within two or more counties. Article 2744, R.C.S., provides that county line common school districts shall not be changed or abolished except by the consent of the Commissioners' Court of each county having territory contained therein.

Article 2681, R.C.S., confers upon the county school trustees the authority that had been theretofore vested in the commissioners' court of a county with respect to subdividing the county and school district, and making changes in school district lines; and further provides for the duties and functions of such county board of school trustees. Article 2922d, Vernon's Ann.Civ.St., authorizes the county boards of trustees of two or more adjoining counties, upon the written order of a majority of the members of each county board concerned, to establish a county line rural high school district and to designate the county which shall have supervision of said county line rural high school district.

In County School Trustees of Lubbock County et al. v. Harral County Line Independent School District et al., Tex.Civ. App., 95 S.W.2d 204, the court had before it for review a writ of injunction procured by a line independent school district against other districts which were attempting to add contiguous districts to the County Line Independent School District without the consent and cooperation of the complaining district. It is apparent from the opinion in that case that the Board of School Trustees of Lubbock County were attempting to add contiguous common school districts to the Harral Line Independent School District, a part of which was in Hale County, without the consent of the County Board of School Trustees of Hale County. In the cited case the court quoted the provisions of Article 2922d, R.C.S., above referred to by us, and reasoned substantially that where authority is given one person or class of persons to do a thing in a particular manner, there is an implied command that it be not done otherwise or by some other person, and that Article 2922d provided that a county line district could not be altered by adding or annexing territory thereto by the school board of one county in which a portion of the district lay without the consent of the school board of the other county. In short, the applicable parts of the holding of the court in that opinion are, in effect, that the annexation of territory by one county to that of another for purposes of creating a rural high school district, without the latter county's consent given in the manner provided by Article 2922d, is prohibited by that act.

To the same effect is County School Trustees of Runnels County et al. v. State et al., Tex.Civ.App., 95 S.W.2d 1001, writ of error dismissed. The question involved in that case was very similar to that of the last-cited case and the one we have under consideration. A summation of that opinion is that a County Line Consolidated School District could not be legally changed without the consent and action of the County Board of School Trustees of all counties in which the district lay. That the consolidation of county line school districts, both of which were partly in two counties, required the action of the officials of both counties.

Drake et al. v. Yawn et al., Tex.Civ. App., 248 S.W. 726, 729, writ of error refused, involved the validity of an attempt to consolidate two school districts lying in different counties when the commissioners' courts of the respective counties (as the law then required) did not participate nor lend sanction to the attempted consolidation of the two districts by the respective boards of school trustees of the two districts. The opinion in the last-cited case reflects that each of the boards of trustees of a common school district, one in Hardin County and another in Tyler County, entered into a written agreement that the two districts would be consolidated and operated as one. That pursuant to that agreement, an addition was built to the schoolhouse on the Tyler County side and the patrons in the other district on the Hardin County side patronized that school for several years. It was there held that

the two boards of trustees mentioned had no authority to create and establish the county line school district which was attempted by them and that they were without authority of law to make such attempted consolidation. The court expressed its decision in this way: "No action was asked of, nor was any taken by, the commissioners' courts of either Hardin or Tyler counties, as was then (1915) required by law. The attempted consolidation, in the manner and by the parties aforesaid, being wholly unauthorized, was unlawful, being contrary to the express provision and policy of the law—a mere nullity. * * * This was not an imperfect exercise on the part of said local school officials of a power they lawfully possessed, but was an attempt to act without power. Hence the act done was a nullity and is to be considered as if nothing had been done. Sydnor v. Roberts, 13 Tex. [598] 616, 65 Am.Dec. 84." In that case it was contended that even though the consolidated district was not formed in the manner required by law, nevertheless its formation was validated by the provisions of Article 2749a, Vernon's Ann.Civ.St. Supp.1918, .art. 2676, Vernon's Ann.Civ. St. A similar contention is made in the instant case by virtue of the validating statute cited in the court's judgment. The court in the cited case, considering the contention of validation, said: "A sufficient answer to this contention is that said act only purports to validate districts 'attempted to be established by the *proper officers* of any county and heretofore recognized by such county authorities as such school district.' It is manifest that in the instant case, as we have above held, the consolidated common school county line district was not attempted to be established by the *proper officers* of the counties interested. * * *" (Our emphasis.)

Other cases which we construe to announce the same principle as those to which we have referred are: Newsome et al. v. Elliott et al., Tex.Civ.App., 139 S.W.2d 221, writ dismissed, judgment correct; and Benton et al. v. Long et al., Tex.Civ.App., 128 S.W.2d 446.

After a painstaking search of the record in this case and the applicable authorities,

we have concluded that the trial court erred in sustaining the special exception to relators' petition upon the theory that the purported validating act, Art. 2815g—36, Vernon's Ann.Civ.St., validated the attempted effort of the Board of School Trustees of Archer County to alter and add to the established Megargel Independent School District and, with the grouped area embraced within the two districts, formulate and establish the Megargel Rural High School District.

■ Taking the allegations of facts of relators' petition as true, as we must, and by an application of the various statutes relating to the subject matter, it is quite obvious that the only officers who could properly perform the acts that were attempted by the Archer County Board of School Trustees were the County Boards of School Trustees of the four counties, each of which embraced a part of the Megargel Independent School District. It necessarily follows then that the attempted grouping of the Newport Common School District and the Megargel Independent School District and thereby forming the Megargel Rural High School District were not done by the "proper officers". If we are correct in these conclusions, the validating act of the Legislature applied by the trial court did not purport to affect districts when not established by the "proper officers". The points of error raising the issue will be sustained.

■ We do not construe Art. 2815g—38, supra, as repealing the previously passed Art. 2815g—36, supra, both being validating acts passed at the same session. There is nothing in the language used to indicate such intention of the Legislature. Neither is entirely repugnant to the other. Both may be construed so as to stand. The two Acts obviously cover different periods of time. Neither could be construed to mean as intending to validate all attempted formations of school districts prior to similar validating Acts passed by previous Legislatures. Our law does not favor repeals by implication and we will not infringe that rule in this instance. The question is raised in relators' third assignment and it must be overruled.

Relators' fourth point of error complains because the trial court overruled their motion to consolidate two pending cases. Matters of consolidation are left largely to the discretion of the trial court, and unless he abuses that discretion we may not revise it. We note that in Cause No. 4147 (1) the action was by three individuals as trustees of a common school district and as members of such board of trustees, and not as relators in a quo warranto proceeding, like No. 4195, seeking different relief from that asked in Cause No. 4195. (2) The parties and their respective capacities in which they sue and are sued are not the same. Furthermore in Cause No. 4147, Joe E. Shelton was named as defendant as secretary of the Archer County Board of School Trustees and in Cause No. 4195 he was made a defendant in the capacity of County Judge of Archer County; in Cause No. 4195 the trustees of the Megargel Rural High School were made defendants but were not sued in Cause No. 4147. The point of error is overruled.

For the reasons heretofore shown the judgment of the trial court will be reversed and the cause remanded for another trial not inconsistent with these holdings. Reversed and remanded.