Jack NEAL, Appellant,

v.

LIBERTY INSURANCE COMPANY OF TEXAS et al., Appellees.

No. 103.

Court of Civil Appeals of Texas.

Tyler.

Dec. 3, 1964.

Jack Keller, W. E. Johnson, Yarborough, Yarborough & Johnson, Dallas, for appellant.

Gordon MacDowell, Strasburger, Price, Kelton, Miller & Martin, Harold B. Stone, Dallas, for appellees.

SELLERS, Justice.

This is an appeal from an order dismissing appellant's suit as stated in his Second Original Amended Petition. Omitting the formal parts, the appellant's Second Amended Petition alleges:

"Plaintiff further shows to the Court that prior to August 26, 1959, he contacted the Richburg Insurance Agency and contracted with and purchased from it as agent of the Defendant Liberty Insurance Company of Texas a workmen's compensation insurance policy to cover the employees of Plaintiff; that said Liberty Insurance Company of Texas, by and through its duly authorized agent, Richburg Insurance

Agency, on August 26, 1959, issued to Plaintiff its policy No. WC 36 55, naming as the insured, Jack E. Neal, d/b/a Columbia Avenue Furniture Company, for a term to expire on August 21, 1960, for the protection of Plaintiff; that in consideration for said policy being issued, Plaintiff paid to the Defendants a deposit premium of $103.00; that said policy is a standard workmen's compensation and employers liability policy and was issued for the protection of the Plaintiff against any injuries that Plaintiff's employees might sustain; that the terms of said policy are well known to all of the Defendants herein; that said policy was written by the Defendants and Liberty Insurance Company of Texas became bound and liable to the Plaintiff in accordance with the terms and conditions of said policy.

"Plaintiff further shows to the Court that on or about September 17, 1959, George Harris, one of Plaintiff's employees, while working in the course and scope of his employment for Plaintiff, Jack Neal, in Dallas County, Texas, received certain accidental personal injuries; that said George Harris on or about October 7, 1959, sued the Plaintiff herein in Case No. 47559-D, in the 95th Judicial District Court of Texas, Dallas County; that on October 7, 1959, Bill Shaw, District Clerk, issued a citation directed to Plaintiff herein in said suit; that said citation was served upon the Plaintiff on October 8, 1959; that immediately thereafter Plaintiff called the said Richburg Insurance Agency, notified it of said suit and was told by it that they would send a Mr. Hilborn to pick up the citation; that the said Mr. Hilborn acting in the course and scope of his employment and for and on behalf of Richburg Insurance Agency, did ask for and receive said citation at that time from the Plaintiff; that thereafter Plaintiff heard nothing further in re-

gard to said citation until November 23, 1959, when said citation was returned to him by the law firm of Strasburger, Price, Kelton, Miller & Martin with no explanation for its return; that when said citation was returned to Plaintiff it was immediately delivered to Jack Keller, attorney for Plaintiff, and upon his investigation it was found from the Court records in said case that a Default Judgment with a Writ of Inquiry had been taken against the Plaintiff on November 2, 1959, and on November 25, 1959, Judgment was granted against Plaintiff and in favor of said George Harris in the sum of $4,000.00.

"Plaintiff further shows to the Court that as soon as he received the citation herein referred to he notified said Richburg Insurance Agency, agent of Liberty Insurance Company of Texas, and delivered said citation to said Richburg Insurance Agency; that said citation under the laws of the State of Texas was returnable the first Monday following twenty days from date of service, said date being November 2, 1959; that the Defendants herein knew that an answer should be filed by the return date or else the case was subject to having a Default Judgment taken; that under the terms of the insurance policy hereinbefore described, which terms are well known to all of the Defendants herein, it was the duty and obligation of Defendant Liberty Insurance Company of Texas to file an answer in said suit and further, if it did not file an answer it was said Defendant's legal obligation to return the citation to the Plaintiff within time for him to employ an attorney, file an answer and protect his interests; that the exact connection that the Defendants Jay Richburg and Floyd Richburg had with the citation is not known to the Plaintiff other than said citation was delivered to the said Richburg Insurance Agency at its request as agent

for Liberty Insurance Company of Texas; that Plaintiff does not know whether one or all of the Defendants caused the delay which resulted in a Default Judgment being taken because no answer was filed before the return date; that Defendants knew that the return date had passed before said citation was returned to Plaintiff; that Defendants had a *contractural* obligation under the terms of said policy to file an answer and the breech of said contract resulted in damages to the Plaintiff as hereinafter set out.

"Plaintiff further shows to the Court that Defendants were negligent in failing to either file an answer in said lawsuit or they were negligent in failing to return the citation to Plaintiff before the return date, all of which was a proximate cause of the Default Judgment being taken against Plaintiff because the citation was not returned to him in time for an answer to be filed; that as a result of said breech of contract and as a result of the *negligent* of Defendants as hereinbefore alleged, Plaintiff has been damaged in the sum of $3,500.00; that Plaintiff was able through the imployment of attorney Jack Keller to negotiate a settlement with George Harris of said $4,000.00 Default Judgment for the sum of $2,-500.00; that it was necessary for Plaintiff to employ Jack Keller to negotiate said settlement and it was necessary for the Plaintiff to employ the undersigned attorneys to prosecute this suit all by reason of said breech of contract and Plaintiff will have the expense of the prosecution of this suit and that by reason of said breech of contract he has been damaged in the sum of $1,-000.00 as attorney fee expenses which is in addition to the $2,500.00 which he was required to pay George Harris; that Defendants are jointly and severally obligated and bound to pay Plaintiff his damages in the sum of $3,500.-00, both as a *contractural* obligation

and in the alternative, as a tort obligation and Defendants have failed and refused to pay same."

There was a pre-trial hearing of this case by the trial court in which the court sustained two special exceptions to plaintiff's First Amended Petition.

We will concern ourselves with only one of the exceptions, to-wit:

"Defendants specially except and object to Paragraph 3 of Plaintiff's First Amended Original Petition because it is not alleged for what company George Harris was working, and it is not alleged that George Harris was working for the named insured of the insurance policy in question. Further, that said paragraph is so vague, indefinite and general that Defendants are not apprised of the proof that will be offered at the time of trial and are therefore unable to prepare their defenses thereto. Of which special exception, Defendants pray judgment of the Court."

Plaintiff filed his Second Amended Petition above set out in which no further exceptions were made. The appellees then filed their motion to dismiss the case because the appellant had failed to meet the exception by his Second Amended Petition and the court, after reviewing the pleadings and hearing the argument of counsel, granted the motion to dismiss, from which judgment the appellant has appealed.

■ In passing upon the exception this court must take every allegation in the appellant's petition as true. Houston Electric Co. v. Dorsett, 145 Tex. 95, 194 S.W. 2d 546; Darnell v. Southwestern American Ins. Co., Tex.Civ.App., 240 S.W.2d 509.

■ The trial court heard no evidence and therefore we have before us one policy of insurance, one insured, and one employee who is alleged to have been injured while working for Jack Neal in the course and scope of his employment. These alleged

facts would seem to us to meet the exception of appellees.

Since we have concluded that the petition states a cause of action, we deem it unnecessary to consider the appellees' exception to the allegations to appellant's petition seeking to recover attorneys' fees.

The judgment of the trial court is reversed and the case remanded for trial on the merits.