**DAVE SNELLING LINCOLN–MERCURY,**
**Appellant,**

v.

**Sam SIMON et al., Appellees.**

**No. 16208.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 21, 1974.

Motion for Rehearing Ordered Withdrawn
May 16, 1974.

Bill R. Bludworth, John C. Marshall, III, Houston, for appellant; A. J. Watkins, Houston, of counsel.

Kronzer, Abraham & Watkins, Houston, for appellees; John M. O'Quinn, Larry J. Doherty, Houston, of counsel.

EVANS, Justice.

The principal question on this appeal is whether a mother may recover damages for personal injuries sustained as the result of having witnessed the death of her child in a suit against the party whose negligence caused such death.

Appellee, Mrs. Sandra Simon, mother of 18 month old Brewer Simon, was a passenger with her son, Brewer, in a Lincoln Continental automobile being driven by her neighbor, Mrs. Billie Waldo. Mrs. Simon was seated directly behind the driver, Mrs. Waldo, and also seated in the back seat with Mrs. Simon was her son, Brewer, and Mrs. Waldo's 4 year old daughter. As the automobile proceeded down the Katy Freeway at approximately 50 miles per hour, the right rear door opened and Mrs. Simon's son Brewer fell to the pavement where he was run over by another automobile. Mrs. Simon witnessed her son's fall from the car and his being run over by the other car. After the Waldo car was brought to a stop, Mrs. Simon picked up her child from the highway and the Waldo car proceeded to a hospital but the child died, apparently on the way to the hospital.

The Waldo automobile was a 1967 Lincoln Continental equipped with a rolling automatic vacuum door lock system. This system was designed as a safety device to automatically depress the door locking knobs on all doors when the automobile attained a speed of 10 miles per hour. Mrs. Waldo had twice taken the car to appellant's garage for repairs to this system, and there was testimony that after the second repair effort, the locking system began to function erratically. An examination of the car made approximately four years after the accident disclosed a gap of about an inch between the plastic line and the neoprene vacuum hose which operated the locking mechanism on the right rear door.

Appellees brought this action against Ford Motor Company and appellant, but Ford was dismissed at the close of the evidence. After a jury trial judgment was entered in favor of appellee, Mrs. Simon, for the amount of $30,000.00 for damages for her personal injuries, and for Mr. and Mrs. Simon in the amount of $5,000.00 for the wrongful death of their son. The jury found that appellant was negligent in failing to repair the safety door lock and that such negligence was the proximate cause of the occurrence. The jury further found that Mrs. Simon had suffered mental injury in the form of traumatic depressive reaction as the result of witnessing the death of her child. The jury failed to find that Mrs. Simon suffered physical injury in addition to her mental injury, but the trial court granted appellee's motion to disregard such answer and found as a fact that Mrs. Simon did suffer physical injuries or manifestations as a result of her mental injury.

The appellant does not challenge such findings or rulings but contends in its first point of error that the trial court's judgment should be reversed on the ground that Texas law does not allow a parent to recover for personal injury resulting from witnessing an injury to a child.

The question of whether recovery may be had for physical injury sustained as a result of mental distress was before our Texas Supreme Court in Hill v. Kimball, 76 Tex. 210, 13 S.W. 59 (1890). In that case, plaintiffs were husband and wife in possession, as lessees, of a dwelling house belonging to the defendant; the wife was well advanced in pregnancy and defendant knew that fact and was also aware that undue excitement would likely produce serious injury to the lady's health. The defendant went into plaintiffs' yard and in the wife's immediate presence, assaulted two negroes in a boisterous and violent

manner accompanied by profane language and the drawing of blood. Plaintiffs alleged this conduct had frightened the wife, brought on labor pains and eventually produced a miscarriage, and otherwise impaired her health. The Supreme Court, in opinion by Justice Gaines, determined that the plaintiffs' petition set forth a cause of action and held that a compensable physical injury might be produced through a strong emotion of the mind.

Appellant concedes the rule established by Hill v. Kimball that physical injury resulting from fright or other mental distress, caused by the wrongful act of another, is compensable. See also Houston Electric Company v. Dorsett, 145 Tex. 95, 194 S.W.2d 546 (1946); Gulf, C. & S. F. Railway Company v. Hayter, 93 Tex. 239, 54 S.W. 944 (1900). However appellant argues that in the Hayter and Dorsett cases, the plaintiff, and not a third party, was the direct object of the defendant's negligence and that in the Hill v. Kimball, the injury was the result of an intentional, as distinguished from an unintentional, act. We do not regard these distinguishing factors as necessarily controlling the disposition of the case at bar.

Appellant further contends that the jury's finding to the effect that appellee, Mrs. Simon, suffered "traumatic depression reaction" does not suggest the consideration that Mrs. Simon suffered physical injury as a result of such mental distress. Appellant cites, in support, City of Galveston v. Barbour, 62 Tex. 172 (1884); St. Louis, Southwestern Railway Co. of Texas v. Gregory, 73 S.W. 28 (Tex.Civ.App.1903, no writ hist.); Chrone v. Gonzales, 215 S. W. 368 (Tex.Civ.App.—San Antonio 1919, n. w. h.); St. Louis, Southwestern Railway Co. of Texas v. Kirby, 146 S.W. 1005 (Tex.Civ.App.—Dallas 1912, n. w. h.); and Drinkard v. Anderton, 280 S.W. 1076 (Tex.Civ.App.—Waco 1926, writ dism'd). Those cases hold only that a parent cannot recover solely upon a showing of mental distress resulting from a child's injuries occasioned by another's negligence. In

this case appellant has made no attack on the trial court's ruling determining that the evidence established such physical injury.

Appellant further argues that appellee, Mrs. Simon, should be denied recovery because she herself did not suffer simultaneous fear for her own safety as the result of appellant's negligence. Appellant relies upon the following testimony of Mrs. Simon on her cross-examination.

"Q: . . . In your own mind is the reason for your emotion because you lost your son or because you saw him fall out and get killed by a vehicle in the lane following you or is it because you were afraid you yourself were going to fall out?

"A: I didn't think of myself.

"Q: Did you ever at any time fear for your own safety?

"A: No."

Under the so-called "zone of danger" test, as applied in some jurisdictions, the plaintiffs' recovery may be denied where it was not shown that the defendant's negligent act threatened harm to the plaintiff. While the existence of this arbitrary limitation on the plaintiff's recovery received recognition in Houston Electric Company v. Dorsett, supra (194 S.W.2d at page 548), it does not appear to have received definitive approval by our State's highest court. See Kaufman v. Miller, 414 S.W.2d 164 (Tex.Sup.1967). Recent decisions in other jurisdictions, notably California, indicate a departure from the strict application of the limitation. See Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968); Archibald v. Braverman, 275 Cal. App.2d 253, 79 Cal.Rptr. 723 (1969); Hopper v. United States, 244 F.Supp. 314 (D. C.Colo., 1965) and other authorities collated in 29 A.L.R.3d 1337, Secs. 8 and 9, pp. 1356–1362.

Even assuming the "zone of danger" test applicable to the case at bar, we find its conditions met. In our opinion Mrs. Si-

mon's testimony as to her subjective thoughts with respect to her own safety should be considered in the light of a mother's paramount concern for the safety of her children. Certainly it cannot be said that appellant's negligence, as found by the jury, imperiled only the safety of one of the three passengers in the back seat of the automobile. Mrs. Simon was in the proximity of potential danger as much as anyone else in the automobile. It is unrealistic to require, as a basis for her recovery, that she have definite recall of a conscious fear for her own safety, in addition to the fear which she had for the safety of her child.

In our opinion, the questions discussed above are properly determined upon the principles of foreseeability.

In Kaufman v. Miller, 414 S.W.2d 164 (Tex.Sup.1967), a truck driver on his way to Louisiana, was on the freeway through Beaumont, Texas when he "heard a little crash"; he first thought he had hit the curb of the bridge and did not know he had collided with another vehicle. He then looked in his rearview mirror and saw a car against the bridge railing and knew that he "had either hit her or she hit me." He stopped his truck and walked back to the automobile. There was no damage to the truck and the damage to the automobile was slight; however, the truck driver testified he was "shocked" and "shook up" by the accident. Subsequently he claimed to have felt nervousness, dizziness and blackout spells. His testimony revealed that several years earlier, he had been in a tragic accident in which three people had been killed. There was testimony that he had suffered a "traumatic neurosis" as the result of the prior accident and that the accident with the defendant's automobile "triggered off" a conversion reaction. Judgment for the plaintiff on the jury's verdict was affirmed by the Court of Civil Appeals. 405 S.W.2d 820. The Texas Supreme Court reversed and rendered in favor of the defendant. That court, in opinion by Chief Justice Calvert, after reviewing the

Hill, Dorsett and Hayter cases, supra, declined to approve two of the arbitrary limitations on recovery, including the "zone of danger" limitation discussed above, and held that all of the circumstances of the case in combination compelled the conclusion, as a matter of law, that the defendant could not reasonably have foreseen the plaintiff's injuries as the natural and probable consequence of her negligent conduct.

In the case at bar we cannot say, as a matter of law, that the appellant could not reasonably have foreseen the consequences of its negligence as found by the jury. It is certainly foreseeable that an automobile's passengers may include small children, as well as adults, and that a parent may be less inclined to control the activities of a child if the automobile's doors have automatic safety locks. Appellant contracted to repair the automobile's door locks and knew the door lock device was a safety feature which might be relied upon by the occupants of the automobile. There was testimony that Mrs. Simon knew of the door lock system and relied upon it.

It is also foreseeable that a parent may sustain physical injury as a result of a severe emotional impact such as occasioned here. In Hill v. Kimball, supra, 13 S.W. at page 59, Judge Gaines said:

"The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient ground for refusing compensation, in an action at law, when the injury is intentionally or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the injury be the proximate result of the cause, we cannot say that a recovery should not be had."

The physical effect of this traumatic experience on Mrs. Simon is evidenced by the following excerpts from the testimony:

"Q Physically and from mental attitudes obvious from physical reac-

tions describe Sandra Simon and What you knew about her before this accident took place? Can you do that? Do you understand me?

"A  Yes, sir. Prior to the accident she was very vivacious, energetic, fun loving, always it seemed like bright and cheerful, and then after the accident on the few occasions when she came out or the few occasions when I saw her after that she was almost constantly in tears. She was not a large woman but she had lost a tremendous amount of weight. Her eyes were sunk back in her head, you know, from losing weight in the face. She was pale. She would not carry on a conversation. She just was not the same person.

.      .      .      .      .      .

"Q  Since this occurrence have you noticed any physical changes in Sandra Simon?

"A  Yes. Her whole personality changed. She cried every time I would see her or when she was around anybody. She hid in— they had a long bathroom and she would squelch herself down in the corner and she shook all the time. She could not swallow. We could not get her to eat. She did like Cokes and then she would take a couple of swallows and she would say, 'I cannot swallow it.'

"Q  Did she lose weight?

"A  Oh, yes. She was extremely thin. She would not eat.

"Q  Had she been cheerful and friendly before this occurence? Did you notice any changes in her outlook?

"A  Oh, yes. She was not the exuberant type, but she was very friendly to everybody before the accident. After the accident she stayed in the house. She would not have anything to do with any children."

We do not believe it beyond contemplation that such an experience would cause an injury of severe degree. See Prosser, Law of Torts, 4th Ed., p. 334.

We overrule appellant's first point of error.

■  Appellant's second point of error is that the trial court erred in refusing its request for six peremptory challenges as provided by Rule 233, Texas Rules of Civil Procedure. Appellant contends that the pleadings showed that it was not charged with the same negligent conduct with which Ford Motor Company was charged; that separate answers were filed by the two defendants and they were represented by different attorneys at trial. Appellees counter with argument that the record does not show appellant moved for the six peremptory strikes prior to the time the jury was struck, and that the record reflects appellant's objection was dictated the following day, just before the jury was brought in to hear the evidence, and was not made until after the jury strikes were made. Appellee further argues that the requirements of Rule 233, T.R.C.P., were modified by Article 2151a, Vernon's Ann.C.S., in effect at time of trial, which provides:

"After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

No bill of exceptions on this matter is contained in the record before us. There is no showing that the trial court failed to exercise its duty as provided by Article 2151a, V.A.C.S. We overrule appellant's second point of error.

■  Appellant's third point of error is that the trial court erred in not permitting

**928**

it to file trial amendment alleging, as a defense, that if Mrs. Simon had exercised reasonable care in watching over and looking out for her son, Brewer, the accident would not have occurred. Appellant argues that Mrs. Waldo was asked in her deposition whether the automobile came equipped with seat belts in the rear, to which she had replied in the affirmative, and appellant says it was surprised to learn in its examination during trial that the seat belts had been removed from the rear seat.

The statement of facts shows only a general request was made by appellant to file a trial amendment during the plaintiffs' case and again after the parties rested. There is uncertainty as to the point when the written trial amendment, which merely shows that it was filed among the papers of the case, was actually presented. There is no bill of exceptions on this point in the record. In appellant's objections to the court's charge, it did state reasons for the trial amendment, but the circumstances attending the presentation of appellant's trial amendment are not before us either in statement of facts or by bill of exception. We must therefore presume the trial court acted properly in denying appellant's leave to file such trial amendment. Herrin Transportation Company v. Parker, 425 S. W.2d 876 (Tex.Civ.App.—Houston, 1st, 1968, writ ref. n. r. e.); Elnora S. Williams v. General Motors Corporation, 501 S.W.2d 930 (Tex.Civ.App.—Houston, 1st, 1973, n. w. h.). In view of our holding that no error has been demonstrated with respect to the trial court's refusal of appellant's motion for leave to file its trial amendment, we find it unnecessary to consider the second part of appellant's point which complains of the trial court's action in refusing to submit its requested issues based on the theory advanced by appellant's trial amendment. We overrule appellant's third point of error.

The judgment of the trial court is affirmed.